OPINION
{¶ 1} In this accelerated appeal, appellant, Latoya M., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, granting legal custody of her two children to their paternal great-grandmother, appellee, Doris R.[1] We affirm the trial court's decision.
 {¶ 2} Appellant is the mother of two children, a son born in December 1998, and a daughter born in January 2000. Appellee filed a motion seeking legal custody of the children due to appellant's volatile living situation and appellant's failure to seek medical treatment for her daughter after she had been sexually abused by appellant's boyfriend. After a hearing on the motion, a magistrate granted appellee legal custody of the children, finding that appellant was an unsuitable parent, and citing the "overwhelming weight of the evidence" that it was in the children's best interest.
 {¶ 3} Appellant filed an objection to the magistrate's decision, arguing that "the decision finding [appellant] to be an unsuitable custodian is against the manifest weight of the evidence." The trial court overruled the objection and adopted the magistrate's decision. Appellant appeals, raising a single assignment of error in which she argues that the trial court's best interest determination is not supported by clear and convincing evidence. The assignment of error is overruled.
 {¶ 4} Juv.R. 40(E)(3)(d) provides, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The waiver under Juv.R. 40(E)(3)(d) "embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection , when the error could have been corrected, results in a waiver of the issue for purposes of appeal."In re Etter (1998), 134 Ohio App.3d 484, 492, citing Goldfuss v.Davidson, 79 Ohio St.3d 116, 121, 1997-Ohio-401. "[I]t is well established that failure to follow procedural rules can result in forfeiture of rights." Etter at 492, quoting Goldfuss at 122.
 {¶ 5} Appellant failed to raise an objection to the magistrate's best interest determination. Her failure to timely advise the trial court of this alleged error results in a waiver of the issue for purposes of appeal. See Etter; In re Ebenschweiger, Butler App. No. CA2003-04-080,2003-Ohio-5990; In re Morris (Oct. 16, 2000), Butler App. No. CA2000-01-001. Further, review of the record reveals no plain error in the trial court's best interest determination. See In re West, Athens App. No. 05CA4, 2005-Ohio-2977.
 {¶ 6} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.