OPINION
{¶ 1} Appellant-mother appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, granting the complaint of appellee-father for custody of their 13-year-old son.
 {¶ 2} The parties are the parents of L.G., the subject of this custody dispute. This matter commenced in April 2005 when appellee filed a complaint requesting custody of the parties' two children. Although the children had been living with appellant, the custody of the children had never been determined by a court. Appellee was granted temporary custody of L.G., and the parties agreed that appellant would have custody of their other minor child. Following a hearing on the complaint, a magistrate issued a decision granting appellee legal custody of L.G. Adopting the parties' agreement, the magistrate granted legal custody of the other child to appellant. No objections to the magistrate's decision were timely filed, and the juvenile court adopted the magistrate's decision. Appellant filed a motion to file objections out of time, which the trial court denied. Appellant appeals the custody decision, raising a single assignment of error:
 {¶ 3} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FAILED TO CONSIDER WHETHER A CHANGE OF CIRCUMSTANCES SUFFICIENT TO WARRANT A MODIFICATION OF A PRIOR DECREE OF CUSTODY HAD OCCURRED."
 {¶ 4} As noted, appellant failed to timely file objections to the magistrate's decision. Juv. R. 40(E)(3)(d) provides, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The waiver under Juv.R. 40(E)(3)(d) "embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." In re Etter (1998), 134 Ohio App.3d 484,492, citing Goldfuss v. Davidson, 79 Ohio St.3d 116, 121, 1997-Ohio-401. Appellant's failure to timely raise the alleged error before the trial court results in a waiver of the issue for purposes of appeal. SeeIn re G. Children, Butler App. No. CA2004-12-300, 2005-Ohio-4745, ¶ 4-5;Etter at 492; In re Ebenschweiger, Butler App. No. CA2003-04-080,2003-Ohio-5990, ¶ 8-9.
 {¶ 5} In addition, review of the record reveals no plain error in the trial court's custody determination. See In re West, Athens App. No. 05CA4, 2005-Ohio2977, ¶ 25. The record contains no evidence that a prior custody order was ever made. While R.C. 2151.23(F)(1) states that a juvenile court must exercise its jurisdiction in child custody matters in accordance with R.C. 3109.04, the change of circumstances requirement in R.C. 3109.04 has no application where, as here, there is no prior custody order. As this court has noted, in such an instance, there is "no prior order by which to ascertain whether or not the circumstances had changed." In re T.G., Butler App. Nos. CA2005-10-444, CA2005-12-521,2006-Ohio-5504, ¶ 12. See, also, In re Wells (Dec. 26, 1995), Butler App. No. CA95-04-058, at 9. The assignment of error is overruled.
 {¶ 6} Judgment affirmed.
BRESSLER, P.J., and POWELL, J., concur.