[Cite as *In re W.C.*, 2013-Ohio-153.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


IN THE MATTER OF: : 

W.C. : CASE NO. CA2012-05-007

: O P I N I O N
1/22/2013

:

:

:


APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 16658


Jill Hittle, 112 North Barron Street, P.O. Box 58, Eaton, Ohio 45320, guardian ad litem

Andrea G. Ostrowski, 25 East Central Avenue, Suite 4, Springboro, Ohio 45066, for appellant, T.C.

Martin P. Votel, Preble County Prosecuting Attorney, Valerie Sargent Eckert, 101 East Main Street, Eaton, Ohio 45320, for appellee, Preble County Department of Job and Family Services

Jane Schreyer, 100 West Main Street, Eaton, Ohio 45320, for C.C.


**HENDRICKSON, P.J.**

## I. FACTS

{¶ 1}  Appellant, T.C., ("Father") appeals a decision of the Preble County Court of

Common Pleas, Juvenile Division, finding his daughter, W.C., abused and dependent and

ordering temporary custody to the Preble County Department of Job and Family Services, Children's Services Division ("the Agency"). For the reasons set forth below, we reverse the decision of the juvenile court and remand this matter for further proceedings.

{¶ 2} W.C. was removed from her parents' home on April 27, 2011, after she made allegations that she had been sexually abused by Father. Following a shelter care hearing, W.C. was placed in the Agency's temporary custody. On May 19, 2011, a complaint was filed in the juvenile court alleging that W.C. was an abused and dependent child. Father and C.C. ("Mother"), appearing with separate, court-appointed representation, denied the allegations.

{¶ 3} In September 2011, Father was indicted by the state on criminal charges relating to his alleged sexual abuse of W.C. W.C.'s adjudicatory hearing was postponed until after Father's criminal charges were resolved. Following a bench trial in February 2012, Father was found guilty of various sexual offenses against W.C., including rape, sexual battery, and gross sexual imposition, and he was sentenced to life in prison without the possibility of parole.

{¶ 4} On April 12, 2012, a full hearing on the abuse and dependency complaint was held before the magistrate. At this hearing, Mother admitted that W.C. was an abused and dependent child. Father, who had been conveyed to prison, was not present at the hearing, but his court-appointed counsel appeared on his behalf. At the hearing, Father's counsel made an oral request to withdraw as counsel of record, stating the following:

> * * * I would a, [sic] basically move the Court orally to withdraw as counsel of record for the [F]ather * * * in this, in these proceedings. Mainly because for one he's not here. He's in prison serving a life sentence as a result of acts alleged in this complaint as well as acts a [sic] alleged in a criminal matter. And I'm not comfortable really proceeding in his absence at this point. Especially when his criminal case is currently in the Court of Appeals. And a [sic] I just believe that a [sic] any, any further representation by me would only result in harm being done to my

client and/or a [sic] to his appellate case. Especially since I really don't have the authority to proceed in his absence at this point.

Without inquiring further, the magistrate granted Father's counsel's motion to withdraw. Thereafter, the state moved for an entry of default judgment against Father, which was granted by the magistrate. The magistrate subsequently found W.C. to be an abused and dependent child.

{¶ 5} After finding W.C. to be an abused and dependent child, the magistrate stated, "I assume * * * that we want to proceed to disposition today and get this behind everybody." The magistrate then proceeded with the dispositional hearing and ordered that W.C. would remain in the temporary custody of the Agency. On April 13, 2012, the magistrate filed an "Entry" that summarized her rulings from the April 12, 2012 hearing. The juvenile court adopted the magistrate's decision that same day, in compliance with Juv.R. 40(D)(4)(e)(i), and advised that "[t]he order shall be stayed upon the filing of an objection of either party within 14 days of the filing date." A "Notice" was sent to the parties by the clerk's office with the juvenile court's decision, and it stated, in relevant part, the following:

> You are hereby notified that on the 13th day of April, 2012, an entry was filed in the above case that is/may be an appealable order. Any Appeal must be filed promptly, and in any event, not later than 30 days after the file stamped date of the Adoption of the Magistrate's Order and Recommendation.

{¶ 6} Father timely appealed the juvenile court's decision, raising three assignments of error.

## II. ANALYSIS

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT'S FAILURE TO COMPLY WITH THE MANDATES OF JUVENILE RULE 40(D)(3) WAS PREJUDICIAL TO APPELLANT'S RIGHTS AS A PARTY.

{¶ 9} In his first assignment of error, Father argues that the juvenile court's failure to

comply with the requirements of Juv.R. 40(D) prejudiced him. Father contends that because the magistrate's decision did not comply with Juv.R. 40(D)(3)(a)(iii), he did not knowingly waive his right to file objections to the magistrate's decision. Father therefore seeks to assign as error on appeal the juvenile court's adoption of the magistrate's findings of fact and conclusions of law and have this court review the merits of his second and third assignments of error.

{¶ 10} The state contends, however, that the magistrate's decision, "when read *in para materia*" with the juvenile court's entry adopting the magistrate's decision and the clerk's "Notice," were sufficient to inform Father that he needed to timely file objections to the magistrate's findings or he otherwise waived review of the issues for purposes of appeal. The state argues that all of Father's claims of error should be denied for waiver and the merits of his assignments of error should not be addressed.

{¶ 11} Pursuant to Juv.R. 40(D)(3)(a)(iii),

> [a] magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision *shall indicate conspicuously* that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Juv.R. 40(D)(3)(b).

(Emphasis added.)

{¶ 12} Once a magistrate's decision is filed, a party has 14 days to file objections to the decision, regardless of whether the trial court has adopted the decision during that time period as permitted by Juv.R. 40(D)(4)(e)(i). Juv.R. 40 (D)(3)(b)(i). "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as

- 4 -

required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(b)(iv). The waiver under Juv.R. 40(D)(3)(b)(iv) "embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." *In re L.G.*, 12th Dist. No. CA2006-05-116, 2007-Ohio-591, ¶ 4.

{¶ 13} However, if a magistrate's decision does not comply with Juv.R. 40(D)(3)(a)(iii), then a party may assign as error on appeal the trial court's adoption of the magistrate's findings of fact and conclusions of law. *In re M.O.*, 4th Dist. No. 10CA3189, 2011-Ohio-2011, ¶ 5; *In re A.W.C.*, 4th Dist. No. 09CA31, 2010-Ohio-3625, ¶ 18-19. In reaching this determination, we are mindful of the fact that Civ.R. 53(D) and Juv.R. 40(D) are analogous.[1] *See In re A.W.C.* at ¶ 18 (finding Juv.R. 40[D] to be analogous to those of Civ.R. 53[D]); *In re T.S.*, 9th Dist. No. 11CA0033-M, 2012-Ohio-858, ¶ 8. It is therefore appropriate to rely on our case law examining similar provisions of Civ.R. 53(D).

{¶ 14} In *Chibinda v. Depositors Ins.*, 12th Dist. No. CA2010-09-254, 2011-Ohio-2597, ¶ 37, we found that a magistrate's failure to "indicate conspicuously" of the waiver contained in Civ.R. 53(D)(3)(a)(iii) to be prejudicial. Similar to the "Notice" sent in the present case, in *Chibinda* the magistrate's decision contained an attachment entitled "Notice of Receipt of Entry," which warned the parties that "unless objections, in writing, stating the reason

---

1. Civ.R. 53(D)(3)(a)(iii) states, in relevant part, the following:

   [a] magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties * * *. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

therefore are filed with the Court * * * within fourteen (14) days of the filing of the report, an order will be made as recommended * * *." This court held that the "Notice of Receipt of Entry" did not comply with the magistrate's duty to "indicate conspicuously" that a party cannot assign as error on appeal the court's adoption of any factual finding or legal conclusion unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). *Id.* Because the magistrate failed to comply with Civ.R. 53(D), this court ultimately concluded that Chibinda's failure to file objections to the magistrate's decision did not preclude a review of his arguments on appeal.

{¶ 15} We find the rationale expressed in *Chibinda* to be applicable to the present case. As the magistrate failed to comply with Juv.R. 40(D)(3)(a)(iii), Father was unaware of the strict waiver rule prescribed by Juv.R. 40(D)(3)(b)(iv) and the related time-limited procedures for preserving objections to the magistrate's decision. *See, e.g., In re M.O.*, 2011-Ohio-2011 at ¶ 5-6. The juvenile court's entry and the clerk's "Notice" did not cure the magistrate's failure to comply with Juv.R. 40(D)(3). Accordingly, we find that we are not precluded from considering the merits of Father's assigned errors.

{¶ 16} Father's first assignment of error is, therefore, sustained.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT'S PROCEEDINGS VIOLATED THE FATHER'S RIGHTS.

{¶ 19} In his second assignment of error, Father argues that the juvenile court violated his rights in two ways. First, Father argues that the juvenile court erred in holding the adjudicatory hearing without his presence or the presence of his counsel. Father contends that because he had "requested counsel and there [was] no behavior from which a waiver of counsel [could] be inferred," the juvenile court erred in allowing his court-appointed counsel to withdraw his representation on the day of the hearing and further erred in proceeding with the adjudicatory hearing without appointing new counsel. Second, Father argues that the

- 6 -

juvenile court erred in holding a dispositional hearing immediately after the adjudicatory hearing without his consent. Father contends that because he had been served with the complaint and had entered an appearance in the case, the juvenile court was required to obtain his consent before proceeding with the dispositional hearing on the same day as the adjudicatory hearing.

{¶ 20} We have long recognized that "Juv.R. 4 and R.C. 2151.352 clearly provide parents who are parties to juvenile proceedings with the right to be represented by counsel at all stages of juvenile proceedings." *Burton v. Caudill*, 12th Dist. No. CA2009-12-047, 2010-Ohio-4946, ¶ 32; *In re Lander*, 12th Dist. No. CA99-05-096, 2000 WL 819775, * 2 (June 26, 2000). Once appointed, an attorney "may withdraw only with the consent of the court upon good cause shown." Juv.R. 4(F).

{¶ 21} To determine whether there is good cause for the withdrawal of an attorney's representation, the "attorney seeking to withdraw must appear before the juvenile court and demonstrate that representation of the party's interest has become impossible because of an inability to ascertain the party's wishes or to obtain cooperation." *In re Walling*, 1st Dist. No. C-040745, 2005-Ohio-1558, ¶ 12. *See also In re Tyler S.*, 6th Dist. No. L-04-1294, 2005-Ohio-1225, ¶ 32. "A party's lack of cooperation or failure to communicate with counsel may be good cause for withdrawal." *In re Walling* at ¶ 12. However, before the court can determine whether the party's alleged uncooperativeness has made it unreasonably difficult for counsel to represent his client effectively, the court must inquire into the source of the uncooperativeness. *In re M.L.R.*, 150 Ohio App.3d 39, 2002-Ohio-5958, ¶ 16 (8th Dist.).

{¶ 22} In the present case, Father's counsel appeared at the adjudicatory hearing and sought to withdraw his representation because Father was not present, he did not feel comfortable proceeding in Father's absence, and he feared his further representation would "only result in harm being done" to Father. The court, without inquiring into when counsel

last had contact with Father, whether Father had requested counsel's withdrawal from the case, whether Father had knowledge that counsel was intending to withdraw from the case, or whether it had become impossible for counsel to ascertain Father's wishes or to obtain Father's cooperation, granted counsel's motion to withdraw. The court's lack of inquiry into the reason behind counsel's motion to withdraw was improper and prejudicial to Father. There is no indication that Father wanted his attorney to withdraw or even had knowledge of such withdrawal.

{¶ 23} Even if we were to find no error in the juvenile court's decision to allow the withdrawal of Father's counsel, we find that the court erred in allowing the April 12, 2012 adjudicatory hearing to take place without appointing Father new counsel or ensuring his presence at the hearing. When the trial court grants a motion to withdraw by counsel for an incarcerated parent, the trial court, as a means of safeguarding the parent's rights, should either make arrangements for the incarcerated parent's participation in the proceeding or ensure that the parent has new counsel appointed and present at the hearing. *See In re A.L.W.*, 11th Dist. Nos. 2011-P-0050, 2011-P-0051, 2011-P-0052, 2012-Ohio-1458, ¶ 51 ("The court should have safeguarded [father's] rights as a biological parent, either by making arrangements for his participation in the proceedings in some fashion, or by ensuring he had counsel in place at the hearing"). To allow Father's counsel to withdraw from representation on the day of the adjudicatory hearing, in his client's absence, perhaps without prior notice to Father, without a demonstration to the court that Father had rendered it unreasonably difficult for counsel to represent him, and without appointing new counsel or continuing the hearing to obtain Father's participation in the proceeding was erroneous and prejudicial to Father. *See, e.g., In re M.L.R.*, 2002-Ohio-5958 at ¶ 21-22.

{¶ 24} We further find the juvenile court's decision to hold the dispositional hearing the same day as the adjudicatory hearing without obtaining Father's consent to be erroneous and

prejudicial. Juv.R. 34(A) states that a "dispositional hearing may be held immediately after the adjudicatory hearing if all parties were served prior to the adjudicatory hearing with all documents required for the dispositional hearing and *all parties consent* to the dispositional hearing being held immediately after the adjudicatory hearing." (Emphasis added.) Pursuant to Juv.R. 2(Y), Father was a party to the action, and, as such, his consent was required before the court could hold the adjudicatory and dispositional hearings on the same day.[2]

{¶ 25} Although the state contends that any error in proceeding to disposition in this case was harmless error as "appellant could offer nothing that would have resulted in a different outcome than an order continuing temporary custody of the child with the Agency," we find otherwise. Had the dispositional hearing been set for another day, Father could have provided the Agency or the court with the names of potential relatives with whom W.C. could reside. While it is possible that none of Father's recommended relatives would be suitable or willing to be W.C.'s custodian, Father was still entitled to participate in her placement.

{¶ 26} Father's second assignment of error is, therefore, sustained. The juvenile court's decision adjudicating W.C. abused and dependent and its dispositional order that temporary custody remain with the Agency is hereby reversed and the matter remanded for further proceedings consistent with this opinion.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT'S [sic] ERRED IN ITS DECISION TO GRANT A DEFAULT JUDGMENT AGAINST THE FATHER.

{¶ 29} In his third assignment of error, Father argues that the juvenile court erred when it entered default judgment against him at the adjudicatory hearing. Father contends

---

2. "As used in these rules: * * * '[p]arty' means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court." Juv.R. 2(Y).

that the Rules of Juvenile Procedure do not allow for default judgment and, further, that default judgment was improper under Civ.R. 55(A).

{¶ 30} Under the facts of this case, it is clear that default judgment should not have been rendered against Father. Father had previously appeared before the court and entered a denial to the allegations of abuse and dependency. It was only after the court erroneously proceeded with the adjudicatory hearing—after allowing Father's counsel's same-day withdrawal of representation—that the court found Father to be in default judgment. Neither the Rules of Juvenile Procedure[3] nor the Rules of Civil Procedure[4] allow for default judgment under these circumstances.

{¶ 31} Father's third assignment of error is, therefore, sustained. The default judgment rendered against Father is vacated, and the matter is remanded to the juvenile court for further proceedings consistent with this opinion.

### III. CONCLUSION

{¶ 32} Although Father has been convicted of sexual offenses against his child, he is entitled to protection of his statutory rights and his constitutional right to due process. Our

---

3. Juv.R. 29(E) sets forth the procedure for proceeding when a party has entered a denial to allegations of dependency, neglect, or abuse. The rule provides as follows:

> If a party denies the allegations, the court shall:
>
> (1) Direct the prosecuting attorney or another attorney-at-law to assist the court by presenting evidence in support of the allegations of a complaint;
>
> (2) Order the separation of witnesses, upon request of any party;
>
> (3) Take all testimony under oath or affirmation in either question-answer or narrative form; and
>
> (4) Determine the issues by * * * clear and convincing evidence in dependency, neglect, and abuse cases * * *.

4. Civ.R. 55(A) provides in relevant part that "[i]f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

sanctioning of the proceedings in this case would create a dangerous precedent that there is no violation of a parent's right when the parent is neither present nor represented by counsel at an adjudicatory or dispositional hearing. We are unwilling to do so in the present case. Therefore, for the reasons set forth above, the judgment in this case is hereby reversed and the matter is remanded to the juvenile court.

RINGLAND and M. POWELL, JJ., concur.