[Cite as *In re T.L.C.*, 2014-Ohio-3995.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


IN RE:                                          :

   T.L.C.                                       :          CASE NO.   CA2014-01-008

                                                :          O P I N I O N
                                                           9/15/2014
                                                :

                                                :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JN2011-0366


Dawn S. Garrett, 9435 Waterstone Blvd., Suite 140, Cincinnati, Ohio 45249, for appellant

David C. Coleman, 957 Grandview Drive, Fairfield, Ohio 45014, appellee, pro se


**HENDRICKSON, P.J.**

{¶ 1}   Appellant, Cindy Smith (Mother), appeals from a decision of the Butler County Court of Common Pleas, Juvenile Division, finding Mother in contempt of court for failing to reimburse appellee, David Coleman (Father), for uninsured medical expenses.  For the reasons stated below, we affirm the decision of the trial court as modified.

{¶ 2}   Mother and Father are the parents of two daughters, T.L.C. and A.M.C.  In 2012, Mother and Father filed motions regarding the custody, visitation and allocation of uninsured medical expenses of the two daughters.  While each daughter was assigned a

separate case number, the magistrate held a series of hearings where evidence relating to those motions was introduced.[1] During the hearings, Father introduced a list of the uninsured medical expenses for A.M.C. and T.L.C., which totaled $3,747.84.

{¶ 3} On June 12, 2013, the magistrate issued a decision in T.L.C.'s case ordering Mother to reimburse Father 16.59 percent of A.M.C.'s and T.L.C.'s uninsured medical expenses, for a total of $621.77, within the next 30 days. The decision also addressed future uninsured medical expenses and provided that:

> Mother shall be responsible for the payment of 16.59% of any such expenses. Father shall provide mother with timely written notice of any such expenses. Said written notice shall include copies of any receipts, invoices, notices, or statements related to those expenses. Mother shall reimburse father for any such expenses incurred within thirty (30) days after receipt of any such notice.

The trial court adopted the magistrate's decision the same day.

{¶ 4} Father filed a motion for contempt on July 31, 2013 alleging that Mother violated the June 12 order that required her to "reimburse father for the uninsured medical expenses for [A.M.C.] and [T.L.C.] in the amount of $621.77 within the next thirty (30) days." On November 7, 2013, a hearing was held regarding the motion for contempt. During the hearing, Father introduced evidence which detailed both daughters' uninsured medical expenses, including expenses that were calculated in the June 12 order requiring Mother to pay $621.77 and expenses that were incurred after the June 12 order. An email admitted into evidence showed that Father provided Mother with the new expenses, the amounts incurred after the June 12 order, on October 31, 2013.

{¶ 5} During the hearing, the magistrate indicated it was going to find Mother in contempt for the failure to pay her allocation of the medical expenses. Mother's counsel

---

1. The case involving A.M.C. is *In re A.M.C.*, Butler No. JN2011-0367.

inquired whether the court would set a purge amount if Mother "was able to pay the six twenty-one." After a discussion with Father regarding Mother's opportunity to purge the contempt, the magistrate stated it would not set a "purge amount."

{¶ 6} The magistrate issued a decision finding Mother to "be in contempt of court for violating this court's order regarding Payment of Uncovered Medicals as previously issued." The decision then stated that:

> Mother shall be responsible for Court Costs in the amount of $275.00 to be paid to father.
>
> As of today's date, for uncovered medicals received and documented in Exhibit 1, mother's responsibility for uncovered medicals totals $991.65. Payment of $51.77 is being made from [Mother's attorney's] trust account. Mother's balance owed for medicals and court costs is $1,214.88.
>
> The defendant shall be remanded to the Butler County Jail for 30 DAYS. Said sentence shall be stayed on the condition mother makes a minimum payment of $100.00 per month to father for uncovered medicals and the court costs ordered herein.[2]

{¶ 7} Mother filed objections to the magistrate's decision and requested a hearing regarding her objections. The trial court denied the request for a hearing, overruled the objections, and adopted the magistrate's decision.

{¶ 8} Mother now appeals, asserting three assignments of error:

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE COURT ERRED AND ABUSED ITS DISCRETION IN CALCULATING, CONSIDERING AND ORDERING PAYMENT OF NEW MEDICAL BILLS AS A CONDITION TO AVOID JAIL FOR WHICH BILLS MOTHER HAD NOT YET HAD AN OPPORTUNITY TO PAY PURSUANT TO THE COURT'S EXISTING ORDERS.

---

2. This decision was issued in the case at bar. In a judgment entry in A.M.C.'s case, the magistrate decision did not specify a separate amount or sentencing but instead stated, "the orders and sentencing under Case No JN2011-0366 [the present case] are adopted herein to include this child."

{¶ 11} Mother challenges the trial court's finding that she was in contempt for failing to pay $991.65 of the uninsured medical expenses. She argues that finding her in contempt for any of the uninsured medical expenses that exceeded $621.77 was in error because she was not given 30 days to pay the additional amounts. Moreover, Mother maintains that finding her in contempt for her failure to pay Father $991.65 violated her due process rights because Father's contempt motion only alleged that Mother owed $621.77. Mother also asserts that neither Father's calculations of the new medical expenses nor the magistrate's calculation of Mother's share of total medical expenses are accurate.

{¶ 12} A trial court's finding of contempt will not be disturbed on appeal absent an abuse of discretion. *In re W.F.*, 12th Dist. Fayette No. CA2010-10-029, 2011-Ohio-3012, ¶ 12. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Miller v. Miller*, 12th Dist. Butler No. CA2001-06-138, 2002-Ohio-3870, ¶ 8.

{¶ 13} Contempt is the disobedience of a court order. *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus. "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Id.* at paragraph two of the syllabus. Contempt can either be direct or indirect. *In re J.M.*, 12th Dist. Warren No. CA2008-01-004, 2008-Ohio-6763, ¶ 46. Direct contempt occurs within the actual or constructive presence of the court and obstructs the administration of justice. *Id.* By contrast, indirect contempt involves conduct that occurs outside of the actual or constructive presence of the court. *Id.*

{¶ 14} Contempt is also classified as civil or criminal depending upon the character and purpose of the punishment. *In re W.F.* at ¶ 11, citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253 (1980). Criminal contempt sanctions are punitive in nature. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 555 (2001). Such sanctions are designed to punish past

affronts to the court and to vindicate the authority of the law and the court. *Id.* Criminal contempt is usually characterized by an unconditional prison sentence, and the contemnor is not afforded an opportunity to purge himself or herself of the contempt. *Brown* at 254.

{¶ 15} Civil contempt renders punishment that is remedial or coercive and for the benefit of the complainant, and prison sentences are conditional. *In re W.F.* at ¶ 12. A contemnor is said to "carry the keys of his prison in his own pocket" because the contemnor must be afforded the opportunity to purge his civil contempt. *Id.* To support a civil contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Ossai-Charles v. Charles*, 12th Dist. Warren Nos. CA2010-12-129, CA2011-01-007, 2011-Ohio-3766, ¶ 30.

{¶ 16} At the outset, we note that Mother was found guilty of indirect civil contempt. Mother's sentence was conditional as it was stayed so long as she made minimum payments to Father. The purpose of finding Mother in civil contempt was not to punish Mother but to obtain compliance with the underlying order and to compensate Father for losses sustained by Mother's disobedience. *See Willis v. Willis*, 149 Ohio App.3d 50, 2002-Ohio-3716, ¶ 58-59 (12th Dist.).

{¶ 17} The contempt order is ambiguous regarding whether Mother was found in contempt for her failure to pay the $621.77 or whether the court found her in contempt for the entire uncovered medical expenses of $991.65 due at the time of the November 7, 2013 hearing. The order specified that Mother was "found to be in contempt of court for violating this court's order regarding Payment of Uncovered Medicals as previously issued." The decision then goes on to state that Mother's "responsibility for uncovered medicals total $991.65" and then sentenced Mother to jail for 30 days, staying her sentence on the condition that she makes a minimum payment of $100 per month to "father for uncovered

medicals and the court costs ordered herein." The decision does not state the specific amount Mother is found to be in contempt for and also stays her 30-day jail sentence upon her making timely payments of the entire amount.

{¶ 18} The court did not err in finding Mother in contempt for failing to pay Father her share of uninsured medical expenses as the evidence clearly established Mother had knowledge of the order requiring her to pay the medical expenses and had not paid the expenses. However, the court committed error to the extent it found Mother in contempt for her failure to pay any amounts that exceeded $621.77. The June 12 order only required Mother to pay Father $621.77 within 30 days. Additionally, while the order required Mother to reimburse Father for 16.59 percent of all future medical expenses, Mother was allowed 30 days to pay Father after he provided her notice of the expenses. An email submitted into evidence shows that on October 31, 2013, Father provided Mother a list of the medical expenses she owed. The hearing was conducted on November 7, 2013. Therefore, while Mother had not paid the additional amounts, she was not in violation of the court's order because 30 days had not expired. Consequently, Mother could only be found in contempt for her failure to pay the $621.77. *See In re M.H.*, 8th Dist. Cuyahoga No. 97618, 2012-Ohio-3371, ¶ 13.

{¶ 19} Next, we address Mother's due process argument. It is axiomatic that an alleged contemnor must be afforded due process in a contempt proceeding. *Courtney v. Courtney*, 16 Ohio App.3d 329, 332 (3d Dist.1984), citing *In re Oliver*, 333 U.S. 257, 274-275, 68 S.Ct. 499 (1948). In civil proceedings, due process requires notice and a meaningful opportunity to be heard. *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, ¶ 6. Due process requirements, together with R.C. 2705.03, require that an individual accused of indirect contempt be given "adequate notice, time to prepare any defense and an opportunity to be heard." *State ex rel. Miller v. Waller*, 10th Dist. Franklin No. 04AP574, 2004-Ohio-

6612, ¶ 7.

{¶ 20} Thus, the element of notice for a finding of indirect contempt is a prerequisite for a valid contempt finding. *Waller* at ¶ 7, citing *E. Cleveland v. Reed*, 54 Ohio App.2d 147, 150 (8th Dist.1977). Notice is sufficient when it apprises an alleged contemnor of the charges against him or her so that he or she is able to prepare a defense. *Id.*, citing *Cincinnati v. Cincinnati Dist. Council 51, Am. Fedn. of State, Cty. & Mun. Emp., AFL-CIO*, 35 Ohio St.2d 197, 203 (1973).

{¶ 21} Mother has waived this error by not asserting it in her objections to the magistrate's decision. Juv.R. 40(D)(3)(b)(ii) requires that an objection to a magistrate's decision be "specific" and "state with particularity all grounds for objection." The failure to file specific objections is treated the same as the failure to file any objections. *In re D.R.*, 12th Dist. Butler No. CA2009-01-018, 2009-Ohio-2805, ¶ 29. If a party has not objected to a factual finding or legal conclusion in accordance with Juv.R. 40(D)(3)(b), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's addition of any factual finding or legal conclusion." Juv.R. 40(D)(3)(b)(iv). Furthermore, "this court previously ruled that unless the appellant argues a 'claim of plain error,' the appellant has waived the claimed errors not objected to below." *In re K.B.*, 12th Dist. Butler No. CA2012-03-063, 2013-Ohio-858, ¶ 15, citing *In re K.R.P.*, 197 Ohio App.3d 1993, 2011-Ohio-6114, ¶ 10 (12th Dist.).

{¶ 22} In this case, Mother argued in her objections that the magistrate's decision was against the manifest weight of the evidence or lacked sufficient evidence regarding the "amount of unpaid medical fees owed." Mother's objection did not assert a due process claim. Mother has not argued how her due process claim constitutes plain error and therefore this argument is waived. Further, Mother's due process argument is moot given our finding that the lower court erred in holding Mother in contempt for failing to pay $991.65.

{¶ 23} Lastly, although Mother argues that Father's calculations of T.L.C.'s medical

expenses and the magistrate's calculation of Mother's share of the total medical expenses are not accurate, this issue is also moot. This appeal only concerns the issues in regards to finding Mother in contempt for her failure to pay Father $621.77. Mother points to Father's Exhibit 1, admitted during the contempt hearing, which contains a horizontally-printed spreadsheet that lists T.L.C.'s medical bills incurred after the June 12 order and argues that Father's calculation is incorrect. However, because this spreadsheet *only* contains amounts incurred after the June 12 order, whether Father's calculations are correct is not before us. Similarly, because the sole issue involves Mother's contempt for her failure to pay $621.77, whether the magistrate erred in calculating Mother's share of the total unpaid medical expenses amount in excess of $621.77 is also not before us.

{¶ 24} The trial court did not err in finding Mother in contempt of court. However, Mother's first assignment of error is sustained to the extent that the court erred in finding Mother in contempt for failing to pay $991.65 and instead should have only found Mother in contempt for failing to pay $621.77.

{¶ 25} Assignment of Error No. 2:

{¶ 26} THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED MOTHER A HEARING ON HER OBJECTIONS.

{¶ 27} Mother challenges the trial court's decision in overruling her objections to the magistrate's decision without holding a hearing on her objections. Specifically, Mother argues that overruling her objections without a hearing when she requested a hearing violated her due process rights.

{¶ 28} Juv.R. 40(D)(4)(d) provides,

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. * * * Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that

evidence for consideration by the magistrate.

**{¶ 29}** Juv.R. 40(D) is analogous to Civ.R. 53(D) and therefore it is appropriate to rely on our case law examining similar provisions of Civ.R. 53(D). *In re W.C.*, 12th Dist. Preble No. CA2012-05-007, 2013-Ohio-153, ¶ 13. This court has held that "Civ.R. 53(D)(4)(d) does not require the trial court to hold a hearing prior to ruling on a party's objections to a magistrate's decision." *Losey v. Diersing*, 12th Dist. Clermont No. CA2012-06-048, 2013-Ohio-1108, ¶ 14. Instead, the rule only "requires that the court 'rule on those objections.'" *Id.* A party's due process rights are not violated when a trial court reviews the record and overrules objections to a magistrate's decision without a hearing. *Ramoso v. Ramoso*, 9th Dist. Summit No. 26948, 2014-Ohio-281, ¶ 7.

**{¶ 30}** Further, a trial court does not abuse its discretion in refusing to hear additional evidence on objections to a magistrate's decision when the objecting party does not demonstrate how he or she was unable to present such evidence to the magistrate. *Gray v. King*, 12th Dist. Clermont No. CA2013-01-006, 2013-Ohio-3085, ¶ 24. "Civ.R. 53(D)(4)(d) allows but does not require a trial court to accept additional evidence when ruling on objections to a magistrate's decision." *Id.*

**{¶ 31}** The trial court did not err in in overruling Mother's objection without holding a hearing. Juv.R. 40(D)(4)(d) does not require the trial court to hold a hearing prior to ruling on a party's objections to a magistrate's decision. Further, Mother does not argue that she could have presented any new evidence at the hearing before the trial court. Therefore, because she does not point to any new evidence, she certainly has not shown that she could not have discovered this evidence with reasonable diligence.

**{¶ 32}** Mother's second assignment of error is overruled.

**{¶ 33}** Assignment of Error No. 3:

**{¶ 34}** THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT REFUSED

TO GIVE MOTHER AN OPPORTUNITY TO PURGE HERSELF OF THE CONTEMPT.

{¶ 35} Mother argues the court erred when it refused to give her an opportunity to purge herself of the contempt by allowing her to pay her share of the uninsured medical expenses.

{¶ 36} Mother was found guilty of indirect civil contempt. Civil contempt renders punishment that is remedial or coercive and for the benefit of the complainant, and prison sentences are conditional. *In re W.F.*, 2011-Ohio-3012 at ¶ 12. Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt. *Id.* In this case, neither the magistrate's decision nor the trial court's decision adopting the magistrate's decision allowed Mother an opportunity to purge her contempt. In fact, during the hearing, the magistrate expressly refused to provide Mother an opportunity to purge her contempt.

{¶ 37} However, Mother has waived this issue as she did not raise the magistrate's refusal to allow her an opportunity to purge her contempt in her objections. Additionally, Mother has not argued how the failure to allow her to purge her civil contempt amounts to plain error.

{¶ 38} As stated in the first assignment of error, Juv.R. 40(D)(3)(b)(ii) requires that an objection to a magistrate's decision be "specific" and "state with particularity all grounds for objection." The failure to file specific objections is treated the same as the failure to file any objections. *In re D.R.,* 2009-Ohio-2805 at ¶ 29. If a party has not objected to a factual finding or legal conclusion in accordance with Juv.R. 40(D)(3)(b), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's addition of any factual finding or legal conclusion." Juv.R. 40(D)(3)(b)(iv). Further, "unless the appellant argues a 'claim of plain error,' the appellant has waived the claimed errors not objected to below." *In re K.B.*, 2013-Ohio-858 at ¶ 15.

{¶ 39} Accordingly, because Mother's objections did not raise the purging issue and she does not argue how this failure to purge amount to plain error, Mother has waived this issue on appeal. Mother's third assignment of error is overruled.

{¶ 40} Judgment affirmed as modified. While the trial court did not err in finding Mother in contempt of court for her failure to pay Father her share of uninsured medical expenses, the court erred in finding Mother in contempt of court for failing to pay Father $991.65. The trial court's contempt order is modified to reflect that Mother is in contempt only for her failure to pay $621.77. In all other respects, the judgment of the trial court is affirmed.

PIPER and M. POWELL, JJ., concur.