[Cite as *In re D.B.*, 2016-Ohio-5558.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF: D.B., et al. | : | CASE NO. CA2016-03-007 |
|  | : |  |
|  | : | O P I N I O N<br>8/29/2016 |
|  | : |  |

APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 20133165

Timothy J. Kelly, 108 South High Street, P.O. Box 467, Mt. Orab, Ohio 45154, for appellant

Jessica Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for appellee

**S. POWELL, J.**

{¶ 1} Appellant, a mother ("Mother"), appeals from the decision of the Brown County Court of Common Pleas, Juvenile Division, granting permanent custody of her two minor children to appellee, the Brown County Department of Job and Family Services ("BCDJFS"). For the reasons outlined below, we affirm.

{¶ 2} On October 18, 2013, BCDJFS filed a complaint alleging Mother's two minor children, Du.B. and Da.B., were neglected, abused, and dependent after Da.B. tested positive for opiates and benzodiazepines at the time of his birth. Although the children were

initially left in their parents' custody under the protective supervision of BCDJFS, temporary custody was later granted to BCDJFS on November 20, 2013 after it was discovered the children's father ("Father") was incarcerated and that Mother had since tested positive for two unprescribed benzodiazepines.

{¶ 3} On January 15, 2014, after Mother stipulated to her children's dependency, the juvenile court adjudicated both children as dependent children. The juvenile court then scheduled the matter for a dispositional hearing on April 7, 2014. Following the dispositional hearing, the children were ordered to remain in the temporary custody of BCDJFS, an order that was then twice continued on June 23, 2014 and December 8, 2014, respectively.

{¶ 4} On March 9, 2015, over 15 months after the children were originally placed in foster care, BCDJFS filed a motion requesting permanent custody of both children. A three-day permanent custody hearing was then conducted before a juvenile court magistrate that ultimately concluded on August 7, 2015. It is undisputed that while Mother attended this hearing, Father did not.

{¶ 5} On February 23, 2016, the magistrate issued a decision finding it was in the children's best interest to grant permanent custody of both children to BCDJFS. Neither Mother nor Father filed objections to the magistrate's decision. The juvenile court subsequently affirmed and adopted the magistrate's decision in its entirety.

{¶ 6} Mother now appeals from the juvenile court's decision, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} WHETHER THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT GRANTED THE "MOTION TO MODIFY TEMPORARY CUSTODY TO PERMANENT CUSTODY" IN ITS "DECISION OF THE MAGISTRATE GRANTING PERMANENT CUSTODY TO BROWN COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES."

{¶ 9} In her first assignment of error, Mother argues the juvenile court erred by adopting the magistrate's decision because the magistrate did not comply with the requirements of Juv.R. 40(D)(3)(a)(iii). Pursuant to that rule, and as relevant here, a magistrate's decision must "indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Juv.R. 40(D)(3)(b)."

{¶ 10} In accordance with Juv.R. 40(D)(3)(b)(iv), except for a claim of plain error, "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." This rule "embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." *In re L.G.*, 12th Dist. Butler No. CA2006-05-116, 2007-Ohio-591, ¶ 4. However, "if a magistrate's decision does not comply with Juv.R. 40(D)(3)(a)(iii), then a party may assign as error on appeal the trial court's adoption of the magistrate's findings of fact and conclusions of law." *In re W.C.*, 12th Dist. Preble No. CA2012-05-007, 2013-Ohio-153, ¶ 13, citing *In re M.O.*, 4th Dist. Ross No. 10CA3189, 2011-Ohio-2011, ¶ 5; and *In re A.W.C.*, 4th Dist. Washington No. 09CA31, 2010-Ohio-3625, ¶ 18-19.

{¶ 11} As noted above, Mother argues the juvenile court erred by adopting the magistrate's decision because the magistrate did not comply with the requirements of Juv.R. 40(D)(3)(a)(iii). Specifically, Mother argues that it was error for the juvenile court to affirm and adopt the magistrate's decision since the prescribed language found in Juv.R. 40(D)(3)(a)(iii) was not conspicuously included within the magistrate's decision because that

language was contained on the last page located below the juvenile court judge's signature block written in "type that is much smaller" than what was used by the magistrate to convey its findings of fact and conclusions of law. According to Mother, "it is arguable that the notice was not provided 'conspicuously,' given that people tend to regard small print as incidental and insignificant and may easily overlook the relevant language."

{¶ 12} The juvenile rules do not define the term "conspicuously" as used in Juv.R. 40(D), nor do the civil rules define the term under the analogous Civ.R. 53(D). *In re T.S.*, 9th Dist. Medina No. 11CA0033-M, 2012-Ohio-858, ¶ 8 ("[c]ourts have noted that Civ.R. 53(D) and Juv.R. 40(D) are analogous"). Nevertheless, at least as it relates to commercial transactions, the term "conspicuous" has been defined by R.C. 1301.201(B)(10) to mean "so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." The term has also been defined as something that is "clearly visible or obvious." Black's Law Dictionary (10th ed.2014).

{¶ 13} After a thorough review of the record, we find no merit to Mother's claim that the prescribed language found in Juv.R. 40(D)(3)(a)(iii) was not conspicuously included within the magistrate's decision. Although contained on the last page of the magistrate's nine-page decision, we find such language was clearly visible as that language is set out from any other language on that page under the heading "Objections of Magistrate's Decision." The language is also obvious as it falls directly below the juvenile court judge's signature block. In fact, besides the juvenile court judge's signature block, heading, and corresponding page number, the only other language on that page is the prescribed language found in Juv.R. 40(D)(3)(a)(iii).

{¶ 14} Moreover, although the font size may be somewhat smaller than the font used by the magistrate to convey its findings of fact and conclusions of law, the font is not markedly different than that used by the magistrate to set forth the applicable statutory

- 4 -

guidelines for determining a motion for permanent custody as contained on pages two through seven. Therefore, although some may consider "small print as incidental and insignificant," when reviewing the prescribed language found in Juv.R. 40(D)(3)(a)(iii) as written, displayed, and presented within the magistrate's decision at issue, we find a reasonable person ought to have noticed that language as it is clearly visible and obvious to the reader. Accordingly, finding no merit to Mother's claim, Mother's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} WHETHER AFTER A THOROUGH REVIEW OF THE RECORD APPOINTED COUNSEL IS UNABLE TO IDENTIFY ARGUABLE ASSIGNMENT OF ERROR, WILL APPOINTED COUNSEL BE PERMITTED TO FILE A BRIEF PURSUANT TO ANDERS V. CALIFORNIA.

{¶ 17} In her second assignment of error, Mother cites to the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and requests this court to independently review the record to determine if any possible error exists. However, because Mother raised one assignment of error on the merits and one assignment of error pursuant to *Anders*, Mother's appellate brief is what Ohio courts generally refer to as a "hybrid brief." Attempts to file a "hybrid brief" are improper and require the "*Anders* assignment" to be stricken. *See, e.g., State v. Lamb*, 7th Dist. Mahoning No. 12 MA 224, 2013-Ohio-5683, ¶ 23-26 (concluding that "hybrid briefs are inappropriate and that *Anders* assignments of error should be struck"); *State v. Vaughn*, 2d Dist. Darke No. 1564, 2002-Ohio-4975, ¶ 4 (finding it improper to file a "hybrid brief" and striking the single assignment of error raised pursuant to *Anders*). Therefore, because Mother's appellate brief constitutes an improper "hybrid brief," Mother's second assignment of error raised pursuant to *Anders* is stricken and will not be considered by this court.

{¶ **18**} Judgment affirmed.

M. POWELL, P.J., and PIPER, J, concur.