DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from the judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division, which, on February 11, 2008, adopted the April 2, 2007 amended magistrate's decision and denied the parties' objections thereto. The parties, Susan L. Gore (n.k.a. Susan Cairns) and Martin D. Gore, were divorced in a judgment entry filed December 2, 2002. At the time of the divorce, *Page 2 
the parties had three minor children.[1] For a prolonged period of time following their divorce, the parties filed numerous motions to show cause and for attorney fees, primarily arising as a result of disputes concerning visitation and parental rights. Mr. Gore additionally sought a modification of designation of residential parent and legal custodian, and moved for modification of the awards for child and spousal support.
 {¶ 2} Testimony was presented on four separate dates, November 9, 2004, February 15, 2005, March 8, 2005, and September 19, 2005. An amended magistrate's decision was eventually filed on April 2, 2007, regarding the parties' post-divorce motions. The parties filed objections to the magistrate's decision; however, on June 1, 2007, the trial court adopted the magistrate's decision without addressing the parties' objections. Mrs. Cairns filed a notice of appeal on June 29, 2007. On December 3, 2007, this court dismissed the appeal because the trial court's judgment was not a final appealable order. Gore v.Gore (Dec. 3, 2007), 6th Dist. No. OT-07-027. On February 11, 2008, the trial court ruled on the parties' motions, objections to the magistrate's decision, and determined the parties' rights. Mrs. Cairns again filed a notice of appeal, on February 19, 2008, and Mr. Gore cross-appealed, pro se, on March 11, 2008. Upon Mrs. Cairns' request for voluntary dismissal, appellant's appeal was dismissed on August 21, 2008. Mr. Gore's cross-appeal, however, remains pending for our consideration. *Page 3 
 {¶ 3} In his pro se appellate brief, Mr. Gore raises the following issues:
 {¶ 4} "1. Was the trial court correct in adopting the amended magistrate's decision of April 2, 2007 in its entirety and without modification without having heard objections or [presentation] of new information?
 {¶ 5} "2. Was the trial court correct in granting in part appellee's motion for modification of prior [order of court regarding] support and spousal support filed [September] 24, 2004, without enforcing their own order for the parties to supply the necessary information to calculate the modification?
 {¶ 6} "3. Was the trial court correct in failing to designate appellant/cross-appellee as primary carrier of medical insurance coverage due to appellant/cross-appellee's willful and deliberate disregard for the court's order regarding the procedure for billing of the uninsured medical expenses which resulted in negative entries on defendant/appellee's credit report?
 {¶ 7} "4. Did the trial court err in ordering the parties to participate in counseling sessions without including appellant/cross-appellee's new husband who has positioned himself in the conflict?
 {¶ 8} "5. Did the trial court err in finding that plaintiffs exhibit 32 [is] `not useful' and `irrelevant' to the issues before the court?
 {¶ 9} "6. Did the trial court err in finding that appellee/cross-appellant met his obligations as to payments of the parties' joint credit cards, in particular one Discover Card that contained a zero balance at the time of the ordered payment? *Page 4 
 {¶ 10} "7. Did the trial court err in finding that `all three children are on Prozac'?
 {¶ 11} "8. Was the trial court correct in denying defendant/appellee's motion for modification of designation of residential parent?
 {¶ 12} "9. Was the trial court correct in holding appellant/cross-appellee in contempt and ordering appellant/cross-appellee to pay attorney fees for necessitating the attendance at numerous motion hearings regarding defendant/appellee's right to visitation/vacation?
 {¶ 13} "10. Was the trial court correct in finding the appellant/cross-appellee in contempt for failing to produce the requested video footage of their deceased [son], Elijah?"[2]
 {¶ 14} In four of the ten issues raised, Mr. Gore argues that the trial court's ruling was correct, in that the trial court did not err in finding that Mrs. Cairns' exhibit No. 32 was irrelevant, that Mr. Gore met his obligations with respect to the parties' joint credit cards, that Mrs. Cairns was in contempt for violating the trial court's visitation order and should pay attorney's fees, and that Mrs. Cairns was in contempt for failing to produce video footage of the parties' deceased son. Because Mrs. Cairns dismissed her appeal, and Mr. Gore agrees with the trial court's rulings, we dismiss issues numbered five, six, nine and ten, as they raise no justiciable issue for our review.
 {¶ 15} Mr. Gore queries in his first assignment of error whether the trial court erred in adopting the amended magistrate's decision, in its entirety, and without *Page 5 
modification, without having heard objections or presentation of new information. In the body of his assignment of error, however, Mr. Gore does not expound on this argument, but instead argues that the trial court failed to resolve the issue of child support modification.
 {¶ 16} Initially, we note that the trial court is not required to hold an additional evidentiary hearing when ruling on the parties' objections to the magistrate's decision. See Civ. R. 53(D)(4)(d) (Before ruling on objections, "the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.") Mr. Gore has made no showing on appeal that there was additional evidence he wished to submit for the magistrate's consideration but, with reasonable diligence, was unable to do so.
 {¶ 17} With respect to the issue of child support, Mr. Gore appears to be correct that the trial court has failed to resolve the issue of child support. Nevertheless, this court has previously held on June 5, 2008, that we lack jurisdiction in this case over the issue of child support because the modification in child support, granted by the trial court in its February 11, 2008 judgment, has never been finally resolved by the trial court. We are also unable to resolve Mr. Gore's alleged issues regarding the further deterioration in communications with Mrs. Cairns, and Mrs. Cairns' alleged failure to abide with the trial court's rulings. Having presented no justiciable issue in this regard, we find Mr. Gore's first assignment of error not well-taken. *Page 6 
 {¶ 18} Mr. Gore argues in his second assignment of error that the trial court erred when it failed to enforce its order that the parties supply necessary financial information to enable a calculation and modification of child support. Clearly, the trial court ordered that a modification to the award of child support should be made, pending production of certain financial information from the parties. Apparently, however, there has been no follow-through because no modification to the parties' child support has been done. Nevertheless, as referenced above, this court does not have jurisdiction over this issue at the present time. Mr. Gore's second assignment of error is therefore found not well-taken.
 {¶ 19} In his third assignment of error, Mr. Gore asserts that the trial court was incorrect in failing to designate Mrs. Cairns as the primary carrier of medical insurance coverage. We, however, find that in paragraph 32 of the trial court's February 11, 2008 decision, the trial court granted Mr. Gore's request to modify the health insurance provisions and ordered Mrs. Cairns to "immediately obtain and maintain health/medical insurance for the three minor children of the parties, if she has not already done so." Upon our review, it appears that the trial court already awarded the relief sought by Mr. Gore concerning medical insurance. Accordingly, we find that Mr. Gore's third assignment of error is denied as moot.
 {¶ 20} Mr. Gore argues in his fourth assignment of error that the trial court erred by ordering the parties to participate in counseling sessions without Mrs. Cairns' current husband. The trial court ordered Mr. Gore and Mrs. Cairns to "enroll in a minimum of *Page 7 
six (6) individual counseling sessions regarding their parenting styles and appropriate manner of communicating with each other." According to Mr. Gore, the trial court should have required Mr. Cairns to participate in counseling because "he now has become deeply entrenched with the vile and attacking communications that continue towards Mr. Gore."
 {¶ 21} The September 19, 2005 hearing date was the first instance that Mrs. Cairns' remarriage was brought to the trial court's attention. Mr. Cairns was never mentioned in any of the testimony presented by either party. Mr. Cairns is not a party to this action. We can find no legal authority, and Mr. Gore points us to none, that gives the trial court jurisdiction over Mr. Cairns under these circumstances. Counseling was ordered so the parties could learn to communicate more effectively, it was not ordered for evaluative reasons or to determine the best interests of the children. However, even if the trial court could have ordered Mr. Cairns to participate in counseling, we find that it was not an abuse of the trial court's discretion not to include Mr. Cairns in the counseling sessions. There was no evidence that Mr. Cairns had interfered or communicated with Mr. Gore on any occasion, let alone with respect to matters concerning the children. Accordingly, we find Mr. Gore's fourth assignment of error not well-taken.
 {¶ 22} Mr. Gore argues in his seventh assignment of error that the trial court erred in finding that "all three children are on Prozac." Mr. Gore is correct that the testimony established that only one of the three children was on Prozac; however, Mr. Gore fails to indicate how this incorrect finding negatively impacted him or caused the trial court to *Page 8 
erroneously rule against him. Accordingly, we find that any error in this regard was harmless. Mr. Gore's seventh assignment of error is therefore found not well-taken.
 {¶ 23} Mr. Gore argues in his eighth assignment of error that the trial court erred in denying his motion for modification of designation of residential parent. In support of this argument, Mr. Gore states that (1) he was prevented from seeking second opinions regarding medical or psychological treatments for the children; (2) although the children were interviewed, Mr. Gore was never told the outcome of those proceedings; (3) the children exhibit a negative behavioral change when leaving his home and express a desire not to "have to" go home; (4) the trial court and the guardian ad litem found that "no ill effects would occur and that the children were equally as comfortable in both parties' homes and with respective family members"; (5) Mrs. Cairns moved the children into new schools; (6) Mrs. Cairns "may be suffering from undiagnosed Munchausen's Syndrome" because of the "excessive nature of the medical treatments, multitude of medical providers, therapies and constant evaluations" of the two youngest children; (7) Mrs. Cairns never received any formal counseling following the death of the parties' son; (8) Mrs. Cairns violated federal mail laws by opening mail addressed to Mr. Gore; (9) the child on Prozac continues taking the medication even though the child no longer exhibits anxiety; (10) the parties' youngest child takes a daily dose of prescription laxative; (11) the parties' youngest child fails to progress at a normal rate, which Mr. Gore asserts is "directly attributable" to the child's home environment; (12) the oldest child is not maintaining regular visitation with Mr. Gore; (13) Mr. Gore is more likely to *Page 9 
honor and facilitate visitation rights; (14) Mr. Cairns has made derogatory and personal attacks on Mr. Gore following the final hearing date in this matter; (15) Mr. Gore has satisfied all his child support obligations; (16) Mrs. Cairns has denied Mr. Gore his parenting time and will not allow him to reschedule or trade weekend visitations; (17) Mr. Gore lives out-of-state, but there is no indication that this impacts negatively on his parenting abilities; and (18) he is now employed full-time.
 {¶ 24} The trial court held that because of Mrs. Cairns' willful denial of Mr. Gore's parenting time with his children, there was a basis for modification of the prior decree allocating parental rights and responsibilities; however, the trial court found that Mr. Gore did not meet "the second-prong best interest factors" of R.C. 3109.04. Specifically, the trial court held that "the best interest factors of R.C. 3109.04 narrowly favor [Mrs. Cairns]." In particular, the trial court found that "[t]he children's adjustment to home, school and community was a significant factor in [the trial court's] determination that the children should remain with [Mrs. Cairns] as residential parent." The trial court also found that although Mr. Gore was more likely to honor visitation and companionship rights, that factor was "not controlling because [of Mr. Gore's] financial situation."[3]
 {¶ 25} In reviewing a denial of a motion for change of custody, we note the following. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279. A reviewing court must not *Page 10 
substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610, 614-615.
 {¶ 26} R.C. 3105.21 governs custody and support of children and states that "* * * the court of common pleas shall make an order for the disposition, care, and maintenance of the children of the marriage, as is in their best interests, and in accordance with section 3109.04 of the Revised Code." R.C. 3105.21(A). In determining parental rights and responsibilities, R.C. 3109.04(F)(1) sets forth the following factors the trial court should consider in making its determination:
 {¶ 27} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 28} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 29} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 30} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 31} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 32} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 33} "(g) Whether either parent has failed to make all child support payments, *Page 11 
including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 34} "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense * * *;
 {¶ 35} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 36} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 37} Initially, we note that none of the alleged events that occurred subsequently to the trial court's final hearing date is evidence upon which this court can rely in ruling on Mr. Gore's appeal. However, upon our thorough review of the record and testimony presented, it is clear that both parents care for the children and want to be the residential parent, and that the children interact well with both parties' extended families. R.C. 3109.04(F)(1)(h) does not apply to either party.
 {¶ 38} In Mr. Gore's favor, we find that he always met his child support obligations, even though he was unemployed for an extended period of time. Also, the trial court found that Mr. Gore was more likely to honor and facilitate court-approved parenting time and that Mrs. Cairns willfully interfered with Mr. Gore's parental rights and visitation. We find that the record does not overwhelmingly support the trial court's finding in this regard. Nevertheless, because the trial court is in the best position to view *Page 12 
the witnesses and determine their credibility, we are unwilling to disagree with the trial court on these factors.
 {¶ 39} With respect to the mental and physical health of all persons involved in the situation, Mr. Gore suggests that Mrs. Cairns is mentally unstable. We, however, find that there is no evidence of any imbalance on behalf of Mrs. Cairns in the record. Rather, both parties demonstrated an inability to communicate well with one another regarding the children's needs and visitation. Regarding the children's mental and physical health, we note that there was significant testimony from Mrs. Cairns concerning the special needs of the parties' two youngest children.[4] Mrs. Cairns is a teacher and has a degree in special needs education. Mrs. Cairns takes the children to their numerous medical appointments and treatments. Although informed of the dates and times of the medical appointments, Mr. Gore never attended the children's appointments, and testified that he was skeptical that the children had any special needs or medical issues, except for his daughter's vision problems.
 {¶ 40} Concerning the children's adjustment to home, school and community, we agree with the trial court that the children are well-adjusted in Mrs. Cairns' home. The parties' children appear to interact well with Mr. Gore's three step-children; however, Mr. Gore lives 85 miles away from the children's residence with their mother and, other than Mr. Gore's family, there was no evidence that they established any relationship with other children in Mr. Gore's neighborhood. Furthermore, the children are enrolled in school *Page 13 
and engage in a number of extra-curricular activities. Mr. Gore testified that he did not agree with or support the children's participation in the extra-curricular activities.
 {¶ 41} Based on the testimony, we find that the trial court's denial of Mr. Gore's motion for change in custody was supported by some competent, credible evidence and, therefore, is affirmed. Mr. Gore's eighth assignment of error is therefore found not well-taken.
 {¶ 42} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division, is affirmed. Martin Gore is ordered to pay the costs of this appeal pursuant to App. R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] A fourth child had died prior to the parties' divorce.
[2] Brackets indicate correction of spelling errors.
[3] At the time of the hearing, Mr. Gore was unemployed.
[4] The two youngest children were adopted as special needs children. *Page 1