14-1769-ag
Boyron v. Lynch

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand fifteen.

PRESENT:
> RALPH K. WINTER,
> CHESTER J. STRAUB,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

JOEL BOYRON,

> *Petitioner,*

> v.                                                                 No. 14-1769-ag

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*\*

_____

FOR PETITIONER:                           James A. Welcome, Law Offices of James
                                                          A. Welcome, Waterbury, CT.


FOR RESPONDENT:                        Joyce R. Branda, Acting Assistant
                                                          Attorney General; Jesse M. Bless, Senior

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted in the caption for former Attorney General Eric H. Holder, Jr.

Litigation Counsel; Lauren E. Fascett, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Joel Boyron, a native and citizen of Ecuador, seeks review of an April 9, 2014 decision of the BIA affirming the May 1, 2012 decision of an Immigration Judge ("IJ") denying Boyron's motion for a fifth continuance and ordering him removed. *In re Joel Boyron,* No. A201 163 350 (B.I.A. Apr. 9, 2014), *aff'g* No. A201 163 350 (Immig. Ct. Hartford May 1, 2012). Boyron sought that continuance to gain additional time to petition the U.S. Citizenship and Immigration Services ("USCIS") for Special Immigrant Juvenile Status ("SIJS"). On appeal, Boyron argues that the IJ abused its discretion and violated his due process rights in denying his most recent motion for a continuance. We assume the parties' familiarity with the underlying facts and procedural history of this case, to which we refer only as necessary to explain our decision.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the IJ's denial of a request for a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and "abuse[s] his discretion in denying a continuance if (1) his decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551-52 (alterations and internal quotation marks omitted). In determining "whether good cause exists for a continuance . . . the focus of the inquiry is the likelihood of success

on the . . . application." *In re Rajah*, 25 I. & N. Dec. 127, 130 (B.I.A. 2009). Moreover, "an alien at least must make a reasonable showing that [any] lack of preparation occurred despite a diligent good faith effort to be ready to proceed . . . ." *In re Sibrun*, 18 I. & N. Dec. 354, 356 (B.I.A. 1983).

We conclude that the IJ did not abuse its discretion in denying Boyron's request for a fifth continuance to petition for SIJS. First, as the agency found, Boyron did not establish his *prima facie* eligibility for SIJS. To be eligible for SIJS, an alien must establish that he "has been declared dependent on a juvenile court . . . or . . . has [been] legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court." 8 U.S.C. § 1101(a)(27)(J)(i). In addition, he must demonstrate that "reunification with 1 or both . . . parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law . . . [and that] it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality." *Id.* § 1101(a)(27)(J)(i), (ii). Finally, the Secretary of Homeland Security must consent to the grant of SIJS. *Id.* § 1101(a)(27)(J)(iii).

Here, Boyron obtained an order from the Connecticut Court of Probate granting voluntary conservatorship over Boyron's financial and personal affairs to his cousin. But that order did not suffice to demonstrate *prima facie* eligibility for SIJS: it did not place him under the custody of his cousin (or any other person or entity), and it did not include a determination that it would not be in Boyron's best interest to be returned to his previous country of nationality. *See* 8 U.S.C. § 1101(a)(27)(J). Nor did Boyron demonstrate that reunification with his mother was not viable—indeed, Boyron's mother continued to live with him at his cousin's house in Connecticut. Moreover, when the IJ denied Boyron's last request for a continuance, Boyron had reached the age of eighteen, and the juvenile courts in Connecticut therefore lacked jurisdiction to declare him dependent on the juvenile court or commit or place him in custody. *See* Conn. Gen. Stat. § 46b-115a(2) (defining "child" as an individual under eighteen years of age); *id.* § 46b-121 (defining the authority of juvenile

3

courts). Boyron's "likelihood of success on the . . . application" was, accordingly, low. *See In re Rajah*, 25 I. & N. Dec. at 130. Under these circumstances, the IJ did not abuse its discretion in refusing to grant Boyron more time to pursue his application for SIJS. *See Morgan*, 445 F.3d at 553 (quoting *Oluyemi v. INS*, 902 F.2d 1032, 1034 (1st Cir. 1990) (Breyer, *C.J.*), for the proposition that "an IJ did not abuse the 'broad discretion . . . confer[red] upon him in refusing to delay [a deportation] hearing because he believed that the adjustment petition eventually would be denied'").

Second, Boyron has not made any showing that his "lack of preparation occurred despite a diligent good faith effort to be ready to proceed." *In re Sibrun*, 18 I. & N. Dec. at 356. Boyron was granted four continuances over an eight-month period, but his counsel nonetheless failed to file a petition for SIJS. Rather than explain the delay, Boyron has simply reasserted that he is eligible for SIJS. More than two years have now passed since the IJ denied Boyron's last request for a continuance, yet he still does not appear to have filed a petition for SIJS or explained his failure to do so. He also has presented no evidence that he has returned to Connecticut court to seek a declaration that he had been placed under the custody of an individual or entity appointed by the State or court, or that it would not be in his best interest to be returned to his country of nationality or prior residence.

On this record, we cannot say that the IJ abused its discretion in denying Boyron's request. Moreover, because Boyron has not demonstrated *prima facie* eligibility for SIJS, he has failed to demonstrate prejudice resulting from the denial of his request for a continuance. That failure defeats his due process claim. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must . . . allege some cognizable prejudice fairly attributable to the challenged process.") (internal quotation marks omitted).

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4