[Cite as *Sampson v. Sampson*, 2026-Ohio-1916.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# LAKE COUNTY

| | |
|---|---|
| LACIE N. SAMPSON, | CASE NO. 2025-L-129 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Domestic Relations Division |
| RAYMOND E. SAMPSON, et al. | |
| Defendant-Appellant. | Trial Court No. 2020 DR 000236 |

## OPINION AND JUDGMENT ENTRY

Decided: May 26, 2025
Judgment: Affirmed

*Lacie N. Sampson*, pro se, 1299 West Jackson Street, Painesville, OH 44077 (Plaintiff-Appellee).

*Raymond E. Sampson*, pro se, 300 East Walnut Avenue, Painesville, OH 44077 (Defendant-Appellant).

SCOTT LYNCH, J.

{¶1}   Defendant-appellant, Raymond E. Sampson, appeals the denial of his Motion to Stay or Terminate Child Support by the Lake County Court of Common Pleas, Domestic Relations Division.   For the following reasons, we affirm the decision of the court below.

***Substantive and Procedural History***

{¶2}   On December 22, 2023, Sampson and plaintiff-appellee, Lacie N. Sampson (nka Baggett) were granted a divorce.   Pursuant to the decree of divorce, Baggett was

named the residential parent and legal custodian of the parties' two minor children. Sampson was ordered to pay child support.

{¶3} On September 19, 2025, Sampson filed a Motion to Stay or Terminate Child Support. As grounds for modification of the support order, Sampson claimed the following: he has not seen his minor daughter since June 1, 2023; his minor son lived with him from mid-2023 through mid-2024; and, on September 5, 2024, a domestic violence protection order was entered against him barring him from all contact with the minor children.

{¶4} On October 7, 2025, Sampson's motion was, by Magistrate's Decision, "dismissed pursuant to Civil Rule 12(B)(6) for failure to state a claim upon which relief can be granted." The magistrate made the following conclusions of law:

> A. Upon review, the Magistrate finds that defendant's request to suspend or terminate his child support order based on a Domestic Violence Civil Protection Order being granted against him that bars him from contact with his children, is not well-taken, and is hereby dismissed as it does not state a claim upon which relief can be granted pursuant to Civil Rule 12(B)(6). It is well-settled law that the Court shall not authorize or permit the escrowing, impoundment, or withholding of any child support payment based on denial or interference with a right of parenting time. See R.C. 31[0]9.05(D). In this case the defendant himself acknowledges in his motion that he has been barred from contact with his children based on a Court order in a Domestic Violence Civil Protection proceeding having been entered against him.
>
> B. Upon review, the Magistrate further finds that the defendant's request to be awarded retroactive child support from the plaintiff for a prior period of time in which he alleges that his son resided with him without contribution from the plaintiff but for which he never filed a motion addressing child support during the period that he alleged his son resided with him is not well-taken. A court or child support enforcement agency may not retroactively modify an obligor's duty to pay a delinquent support payment. See R.C. 3119.83. As such, the defendant's motion seeking to retroactively modify his child

support arrearage fails to state a claim upon which relief can be granted pursuant to Civil Rule 12(B)(6) and is hereby dismissed.

{¶5} On October 14, 2025, Sampson filed an Objection to the Magistrate's Decision. He argued that "impos[ing] child support obligations while simultaneously barring all contact creates a 'financial obligation without parental rights,' violating due process and equal protection." Moreover, "ordering continuing child support obligations without visitation amounts to a de facto termination of parental rights … without a finding of unfitness and application of statutory standards."

{¶6} On October 20, 2025, the domestic relations court overruled Sampson's objections. The court ruled:

> It appears the Defendant's objections allege the Magistrate did not follow the law in rendering his Decision. The Defendant argues his child support obligation should be suspended or eliminated. The Court finds to the contrary pursuant to R.C. 3109.05(D).
>
> The Defendant relies on Ohio case law which holds that parental rights cannot be terminated without a judicial determination of unfitness as to the parent. This Court finds the Defendant's reliance on said case is misplaced. The Defendant is not a party to a termination of his parental rights in either the instant case or in the Domestic Violence Civil Protection case. Furthermore, the Defendant overlooks in Lake County Case No. 24 DV 000195 it was determined the parties' two minor children required protection from him and his actions. Said action is not a termination of the Defendant's parental rights.

***Assignments of Error***

{¶7} On October 24, 2025, Sampson filed a Notice of Appeal. On appeal, he raises the following assignments of error:[1]

---

1. Sampson filed a merit brief with the assignments of error cited herein on December 8, 2025. On January 9, 2026, Sampson filed another brief out of rule and without leave of this Court. This second brief will be disregarded for the purposes of deciding the appeal.

Case No. 2025-L-129

[1.] The trial court's adoption of the magistrate's decision is void because no hearing was held on Appellant's objections despite Civ.R. 53(D)(4)(d), and because the court's judgment falsely states that the matter "came on for hearing."

[2.] The trial court lacked authority to adjudicate child support where parenting-time jurisdiction had not been determined, and the court canceled the scheduled hearing without rescheduling it, in violation of R.C. 3127.06.

## Standard of Review

{¶8} The standard of review generally applied to the ruling on objections to a magistrate's decision as well as the decision to adopt a magistrate's decision is abuse of discretion. *O'Neill v. Jones*, 2025-Ohio-5366, ¶ 24 (11th Dist.); *LeafFilter North, LLC v. Dunphy*, 2025-Ohio-3260, ¶ 9 (9th Dist.). Questions of law, such as jurisdictional issues, are reviewed de novo. *Banks v. Shark Auto Sales LLC*, 2022-Ohio-3489, ¶ 7 (11th Dist.); *Adams v. Adams*, 2017-Ohio-9264, ¶ 15 (11th Dist.).

## The Failure to Hold a Hearing on Objections is not Error

{¶9} Under the first assignment of error, Sampson argues that the domestic relations court erred by ruling on his objections without holding a hearing, and then by falsely stating, in the Judgment Entry adopting the Magistrate's Decision, that "[t]his matter came on for hearing."

{¶10} When objections to a magistrate's decision are filed, the Civil Rules provide:

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

Case No. 2025-L-129

Civ.R. 53(D)(4)(d).

{¶11}  It has often been observed that "Civil Rule 53(D)(4)(d) does not require the trial court to hold a hearing prior to ruling on a party's objections to a magistrate's decision."  *In re Guardianship of Pond*, 2022-Ohio-4023, ¶ 66 (5th Dist.); *Gonzalez v. Rodriguez*, 2018-Ohio-2410, ¶ 18 (10th Dist.); *Gore v. Gore*, 2009-Ohio-2158, ¶ 16 (6th Dist.).  Moreover, "[a] party's due process rights are not violated when a trial court reviews the record and overrules objections to a magistrate's decision without a hearing."  *In re T.L.C.*, 2014-Ohio-3995, ¶ 29 (12th Dist.).

{¶12}  The record before this Court does not demonstrate the need for any additional evidence that could not have been produced for consideration by the magistrate.  Accordingly, we find no abuse of discretion.

{¶13}  Nor do we find the statement that "[t]his matter came on for hearing" to be a "false recital."  The Supreme Court of Ohio, as well as this Court, has recognized that a "hearing" does not necessarily entail oral argument and the reception of evidence.  Rather, a nonoral hearing may entail "as little as the submission of memoranda and evidentiary materials for the court's consideration."  (Citation omitted.)  *Hooten v. Safe Auto Ins. Co.*, 2003-Ohio-4829, ¶ 9, fn. 1; *In re Parks*, 2021-Ohio-1258, ¶ 38 (11th Dist.) (in a nonoral hearing the matter is "determined by the court upon written argument and evidence (such as an affidavit * * *), without appearance of either party at an oral hearing") (citation omitted).

{¶14}  The domestic relations court's reference to a "hearing" is legitimately understood as a nonoral hearing, such as is contemplated by the Civil Rules for ruling on

Case No. 2025-L-129

objections "supported by a transcript of all the evidence submitted to the magistrate" or "an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii).

{¶15} The first assignment of error is without merit.

### The Domestic Relations Court did not Lack Jurisdiction to Enter Judgment

{¶16} In the second assignment of error, Sampson argues that, pursuant to R.C. 3127.06, the domestic relations court was required to establish jurisdictional priority before entering judgment. A hearing was scheduled for December 4, 2025, but was cancelled and the court proceeded to issue a "financial judgment" (sic).

{¶17} "Upon the request of a party to a child custody proceeding that raises a question of existence or exercise of jurisdiction under sections 3127.01 to 3127.53 of the Revised Code, the question shall be given calendar priority and handled expeditiously." R.C. 3127.06. The foregoing provision, relied upon by Sampson, concerns the application of the uniform child custody jurisdiction and enforcement act, which "address[es] interstate recognition and enforcement of child custody orders adopted in 1997 by the national conference of commissioners on uniform state laws substantially similar to the act adopted by another state." R.C. 3127.01(A). The present case is a matter of intrastate custody and support to which R.C. Chapter 3127 does not apply.

{¶18} The hearing scheduled for December 4, 2025, was scheduled to address Sampson's September 23, 2025 Motion for Change of Parenting Time (Companionship and Visitation). The present appeal is taken from a final order disposing of Sampson's September 19, 2025 Motion to Stay or Terminate Child Support, a separate and distinct matter from the Motion for Change of Parenting Time.

Case No. 2025-L-129

{¶19}   Neither R.C. 3127.06 nor the failure to hold a hearing on December 4, 2025 deprived the domestic relations court of its jurisdiction to rule on the Motion to Stay or Terminate Child Support.

{¶20}   The second assignment of error is without merit.

{¶21}   For the foregoing reasons, the denial of Sampson's Motion to Stay or Terminate Child Support by the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.   Costs to be taxed against the appellant.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-L-129

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit. The order of this court is that the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

Costs to be taxed against the appellant.



JUDGE SCOTT LYNCH

JUDGE EUGENE A. LUCCI,
concurs

JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-129