DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William Wilson, appeals from the decision of the Summit County Domestic Relations Court. This Court affirms.
 I. {¶ 2} Appellant, William Wilson ("Husband"), and Appellee, Julie Wilson ("Wife"), terminated their marriage by a decree of dissolution on June 7, 2004. The decree incorporated a separation agreement which provided for spousal support to be paid to Wife by Husband. Specifically, the Separation Agreement provided:
 "Husband shall pay to Wife as and for spousal support, forty-five percent (45%) of the parties' collective gross annual income. Said support shall be paid biweekly to Wife and shall be paid directly to her through direct deposit into Wife's account[.]"
The parties' Separation Agreement specifically excluded bonuses from inclusion in spousal support calculations. *Page 2 
 {¶ 3} At the time of the parties' divorce, Husband was employed by Windstream/Alltel (hereinafter "Alltel"). In January 2007, Husband was informed that he would be terminated as a result of a reduction in workforce. Husband was given the opportunity to remain with Alltel until April 13, 2007, provided that he train his replacement. In exchange for the training, Alltel agreed to pay Husband two weeks salary for each year of his employment. Husband accepted the offer and continued to work for Alltel throughout this period. Husband also received his regular salary during the time. This lump sum payment over and above his salary totaled $55,448.06. He received his last paycheck on April 20, 2007. The paycheck included the sum of $55,448.06 for remaining with the company until April 13, 2007 and included $6,523.30 for vacation pay. The final paystub listed the amount of $55,448.06 as "sever-lump sum".
 {¶ 4} Husband paid Wife spousal support on income he received from Alltel through the end of his employment in April 2007. Husband did not pay spousal support on the compensation he received for staying to train his replacement. On May 30, 2007, Wife filed a motion for contempt. Wife asserted that Husband should be held in contempt for failing to pay her spousal support since April 2007, as required by the court's July 7, 2004 order regarding payment of spousal support. Wife requested a hearing on the motion. Husband filed a hearing brief in response to Wife's motion. In the brief, Husband refuted Wife's assertion that he was in contempt of the court's order. He asserted that he had paid all spousal support ordered by the court. The court held a hearing on the motion.
 {¶ 5} A former co-worker of Husband's who was also terminated as a result of the workforce reduction, testified at the hearing. He stated that he had received unemployment compensation in addition to compensation for staying at Alltel to train a replacement. *Page 3 
 {¶ 6} On December 4, 2007, the magistrate issued a decision finding that Husband was not in contempt of the divorce decree for failing to pay spousal support on the lump sum he received. The magistrate held that the lump sum was a bonus and thus excluded from the calculation of collective income for purposes of computing spousal support. The magistrate ordered that Husband pay spousal support on income he receives from a rental property. Lastly, the magistrate ordered that Husband apply for unemployment compensation. On December 7, 2007, the trial court adopted the magistrate's decision.
 {¶ 7} Wife timely filed objections to the magistrate's decision. Wife argued that the magistrate erred in failing to consider several provisions from the Separation Agreement in reaching her decision. More specifically, Wife argued that the magistrate erred in (1) failing to find that Husband's spousal support obligation should have been determined based on his earnings on April 1, 2007 and not his future earnings, (2) finding that the $55,448.06 paid to Husband was a bonus and not severance pay, and (3) not finding Husband in contempt for failing to pay Wife her share of holiday and vacation pay from his final paycheck.
 {¶ 8} Husband also timely filed objections to the magistrate's decision. Husband objected to the magistrate's decision concerning his payment of spousal support on income he received from his rental property, arguing that this property is his separate property, inherited from his parents. He argued that this property should not be considered for purposes of spousal support.
 {¶ 9} The trial court held a hearing on the parties' objections. On May 14, 2008, the trial court entered judgment on the objections. The trial court found that the lump sum of $55,448.06 paid to Husband at the conclusion of his employment with Alltel was severance pay, not a bonus, because it was based on his length of employment and rate of pay. In addition, the *Page 4 
trial court overruled Husband's objection to the award of spousal support to Wife based on his rental income. Accordingly, the trial court granted Wife judgment against Husband in the amount of $24,951.63 for her 45% interest in Husband's severance pay paid to him on April 20, 2007. The trial court also granted judgment in favor of Wife in the amount of $2935.48 for her 45% interest in the accrued vacation pay Husband received in his April 20, 2007 paycheck.
 {¶ 10} Husband timely filed a notice of appeal, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FINDING THAT [HUSBAND'S] FINAL INCOME WAS NOT A BONUS FOR CONTINUING TO WORK AFTER HIS NOTICE OF TERMINATION DUE TO REDUCTION IN FORCE."
 {¶ 11} In his sole assignment of error, Husband contends that the trial court erred in finding that his final income was not a bonus for continuing to work after his notice of termination due to reduction in force. We do not agree.
 {¶ 12} Initially we note that the parties do not agree on the standard of review in this case. At issue in this case is the trial court's ruling on the parties' objections to the magistrate's opinion. Although the trial court must conduct an independent review of objections to a magistrate's decision, see Civ. R. 53(D)(4)(d), this Court's standard of review is more deferential. This Court reviews the trial court's ruling on objections to a magistrate's decision for an abuse of discretion.Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093, at *2. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), *Page 5 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court.Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 13} Specifically, Husband contends that the trial court abused its discretion when it modified the magistrate's decision finding that the lump sum payment at issue was a bonus. The trial court instead found that the lump sum payment was severance pay. Husband appeals this decision arguing that the lump sum was accurately labeled a bonus. Husband also asserts, without any elaboration, that the trial court erred by determining that the incentive vacation time he earned was not a bonus. Pursuant to App. R. 12(A) and 16(A)(7), an appellate court "may disregard an [argument] `if the party raising it fails to identify in the record the error on which the [argument] is based * * * as required under App. R. 16(A).'" Courie v. ALCOA, 8th Dist. No. 85285,2005-Ohio-3483, at ¶ 17, quoting App. R. 12(B)(2), now App. R. 12(A)(2). See, also, Smith v. Akron Hous. Appeals Bd. of Dept. of PublicHealth, 9th Dist. No. 21103, 2003-Ohio-93, at ¶ 26-27. An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. Angle v. Western ReserveMut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v.Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App. R. 16(A)(7). Accordingly, we need not address this argument.
 {¶ 14} We do not agree with Husband's contention that the lump sum payment was a bonus. A review of Husband's April 14-20 pay stub reveals that the $55,448.06 was listed as "sever-lump sum" even though the pay stub contained two columns for "bonus" pay. Notably, the "bonus" columns for "current" pay are blank. As Alltel captioned this lump sum payment as severance, not bonus pay, the trial court could properly defer to its interpretation. Husband has failed to refute or even address Alltel's categorization of the payment as severance. *Page 6 
 {¶ 15} An examination of the definitions of severance and bonus pay further supports the trial court's classification of this pay as severance. "`Severance pay'" is defined as "`an allowance [usually] based on length of service that is payable to an employee on termination of employment[.]'" Adkins v. Adkins, 9th Dist. No. 23228,2006-Ohio-6956, at ¶ 13, quoting Merriam-Webster's Collegiate Dictionary (11 Ed. 2005) 1140.
 {¶ 16} The Ohio Supreme Court has found that a bonus "is payment for past services * * *. It does not depend upon the employee's time or effort." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96. Here, the lump sum payment was not based on Husband's past services. Rather, the lump sum was predicated on Husband's continued service to the company by training his replacement. The lump sum payment was directly correlated to Husband's length of service in that he was paid two weeks salary for each year of employment. However, this payment was not made to Husband until the termination of his employment, on April 20, 2007.
 {¶ 17} In support of his contention that this payment was a bonus, Husband argues that "[i]f he had terminated his employment prior to completing his tasks and working through the end date, he would not receive his bonus, despite having been terminated due to the reduction in force." Husband's assertion further supports the finding that this payment was severance pay, not bonus pay.
 {¶ 18} The Sixth District Court of Appeals' examination of severance pay in Helle v. Landmark, Inc. (1984), 15 Ohio App.3d 1, provides particular guidance. In Helle, the Sixth District explained that "[a]n offer of severance pay, to be paid to the employee if he remains with the employer-company until it closes, is an offer for a unilateral contract." Id. at paragraph 6 of syllabus. The court further held that "[f]or purposes of consideration, the employee's retention and continued performance of his work suffices to render the new condition of severance pay *Page 7 
enforceable." Id. at paragraph 8 of syllabus. Husband correctly asserts that, had he terminated his employment prior to completing his tasks and working until his end date, he would not have received this pay because he would have breached his unilateral contract. Contrary to Husband's assertions, he would not have received this pay because it was severance pay, not because it was bonus pay.
 {¶ 19} Husband's final pay stub clearly reflects Alltel's intent that this lump sum payment constitute severance pay. Moreover, the circumstances surrounding this payment fit the definition of severance pay as set forth in case law and under the dictionary definition. Accordingly, we find that the trial court did not abuse its discretion in finding that Husband's final income was severance pay, not a bonus. Husband's sole assignment of error is overruled.
 III. {¶ 20} Husband's assignment of error is overruled. The judgment of the Summit County Domestic Relations Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 8 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellant.
SLABY, J., CONCURS