[Cite as *Witten v. Witten*, 2024-Ohio-5631.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

THOMAS G. WITTEN

    Appellee

    v.

BARBARA WITTEN

    Appellant

C.A. No.    24CA012069

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17 DR 083740

DECISION AND JOURNAL ENTRY

Dated: December 2, 2024

STEVENSON, Presiding Judge.

{¶1} Barbara Witten appeals from the judgment of Lorain County Court of Common Pleas, Domestic Relations Division, which adopted a magistrate's decision denying her motion to show cause and motion to continue spousal support. This Court affirms.

I.

{¶2} Ms. Witten ("Wife") and Thomas G. Witten ("Husband") married at common law in 1982 and divorced in 2018. The divorce decree approved and incorporated the parties' separation agreement.

{¶3} Section five of the parties' separation agreement addresses Husband's pension ("the Pension"). Husband agreed in section five that, when he retires, Wife is entitled to one-half of the Pension for the years the parties were married. Husband and Wife agreed to have a qualified domestic relations order ("QDRO") prepared to reflect this agreement.

{¶4} Section six of the separation agreement addresses spousal support and is at issue in this appeal. Husband agreed in this section to pay Wife $2,300 per month in spousal support, commencing in January 2019, "until [he] receives his pension." Section six states in relevant part:

> Husband agrees to pay Wife, as and for spousal support, the sum of $2,300.00 per month . . . commencing January 15, 2019 **and shall continue until Husband receives his pension.**
>
> Notwithstanding the forgoing, the Court shall retain jurisdiction over both the amount and duration of spousal support, which shall terminate upon the happening of the earliest of the following events.
>
> A.     Death of either party;
> B.     [Wife's] remarriage or cohabitation with an unrelated (non-family) member.
>
> Furthermore, the amount and/or duration of spousal support may be changed or terminated, based upon changed financial or health circumstances of one or both of the parties which make it equitable to do so.
>
>    . . .
> Each party shall notify the Court, and the other party, of any change in marital status or income until there is no longer a duty to pay spousal support. . . .

(Emphasis added.)

{¶5} Husband applied for the Pension in April 2019, and he began receiving his portion of the Pension in July 2020. The Pension administrator held Wife's portion of the Pension in escrow until the QDRO was approved in December 2021. Wife started to receive her portion of the Pension in January 2022. Wife's portion of the Pension that was held in escrow, pending QDRO approval, was released to Husband.

{¶6} In February 2022, Wife moved to show cause asserting Husband should be held in contempt for failure to pay spousal support. Wife argued that Husband had to continue paying spousal support until he moved the trial court to modify or terminate his spousal support obligation. Wife also asserted that she was entitled to the escrowed Pension benefits.

**{¶7}** Husband argued that, pursuant to the express terms of the parties' separation agreement, his spousal support obligation terminated once he started to receive the Pension in July 2020. Because a QDRO had not been prepared prior to Husband's retirement, Wife did not start to receive her portion of the Pension until 18 months later, in January 2022. Recognizing the financial hardship Wife would endure with no spousal support or Pension benefits, Husband voluntarily continued to make monthly payments up to the time Wife started receiving her portion of the Pension. Because he continued to make these payments without an obligation to do so, Husband argued that he was entitled to the escrowed Pension benefits or Wife would receive a significant windfall if she received both spousal support from July 2020 to January 2022 and any portion of the escrowed Pension.

**{¶8}** The magistrate denied Wife's motion to show cause and her request for continued spousal support. The magistrate relied upon the language of the parties' separation agreement and found that Husband's spousal support obligation automatically terminated once Husband started to receive the Pension. The magistrate found that, "[b]y continuing to pay the spousal support obligation until [Wife] actually started receiving her benefit, [Husband] was going beyond his Court-ordered obligation[]" and that Husband was entitled to the escrowed Pension funds. The magistrate further found that Wife "failed to demonstrate any changed financial or health circumstances" and he denied Wife's request for continued spousal support payments. The trial court adopted the magistrate's decision and entered judgment that same day.

**{¶9}** Wife objected to the magistrate's decision, arguing that the magistrate erred and abused his discretion in finding monthly spousal support terminated when Husband began to receive his portion of the Pension. Wife also argued that the magistrate erred when he determined that Husband was entitled to the escrowed Pension benefits. Wife argued that she was entitled to

the escrowed Pension benefits even though Husband continued to pay spousal support during this time. Husband did not file a written response to Wife's objections.

**{¶10}** The trial court held an oral hearing on Wife's objections to the magistrate's decision, giving counsel for each party time to argue their respective position. The trial court overruled Wife's objections and adopted the magistrate's decision. Wife has appealed, raising two assignments of errors for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BOTH FACTUALLY AND AS A MATTER OF LAW WHEN IT RULED THAT THE OBLIGATION OF [HUSBAND] TO PAY SPOUSAL SUPPORT TO [WIFE] TERMINATED OR WAS SUSPENDED WHEN [WIFE] BEGAN RECEIVING HER PORTION OF [HUSBAND'S] PENSION FROM THE CENTRAL STATES PENSION PLAN.**

**{¶11}** Wife argues in her first assignment of error that the trial court erred when it ruled that Husband's spousal support obligation terminated when Wife began receiving her portion of Husband's pension. We disagree.

**Standard of Review**

**{¶12}** The trial court overruled Wife's objections and adopted the magistrate's decision. "Although the trial court must conduct an independent review of objections to a magistrate's decision, *see* Civ.R. 53(D)(4)(d), this Court's standard of review is more deferential." *Wilson v. Wilson*, 2008-Ohio-6431, ¶ 12 (9th Dist.). This Court reviews the trial court's ruling on objections, and its decision to adopt the magistrate's decision, for an abuse of discretion. *Id.*; *Barlow v. Barlow*, 2009-Ohio-3788, ¶ 5 (9th Dist.). However, we do so "with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.).

**{¶13}** An abuse of discretion is something more than an error of law or in the exercise of judgment; "it implies that the court's *attitude* is unreasonable, arbitrary or unconscionable." (Emphasis added.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶14}** Although *Blakemore* is often cited as the general standard for reviewing discretionary decisions, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the "'term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384 (1959). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *Id.*, quoting *Spalding* at 384-385.

*State v. Weaver*, 2022-Ohio-4371, ¶ 24.

### Separation Agreements

**{¶15}** The parties' separation agreement, incorporated into the divorce decree, is a contract between the parties. *Quester v. Quester*, 2024-Ohio-1456, ¶ 44 (9th Dist.). The separation agreement is "subject to the same rules of construction as other contracts, to be interpreted so as to carry out the intent of the parties." *Musci v. Musci*, 2006-Ohio-5882, ¶ 42 (9th Dist.); *Quester* at ¶ 44. "The intent of the parties is presumed to reside in the language they chose to use in their agreement." *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313 (1996); *Hare v. Isley*, 2012-Ohio-3668, ¶ 9 (9th Dist.).

**{¶16}** "The interpretation of any terms of a separation agreement is a question of law, as is the determination of whether a contract is ambiguous." *Roxburgh v. Richardson*, 2021-Ohio-2229, ¶ 14 (9th Dist.). As stated in *Roxburgh*, "[t]his Court reviews both propositions de novo." *Id.* at ¶ 14.

**{¶17}** "If the separation agreement is not ambiguous, 'the trial court may not construe, clarify or interpret the parties' agreement to mean anything outside of that which it specifically states.'" *Quester* at ¶ 44, quoting *Wiseman v. Wiseman*, 2014-Ohio-2002, ¶ 8 (9th Dist.). Accordingly, if a separation agreement is unambiguous, "'the trial court must defer to the express terms of the contract and interpret it according to its plain, ordinary, and common meaning[,]'" and this Court reviews that application de novo. *Wiseman* at ¶ 8, quoting *Hyder v. Pizer*, 2002 WL 570256, *2 (9th Dist. Apr. 17, 2002); *see also Roxburgh* at ¶ 14.

### Analysis

**{¶18}** Wife does not dispute that, pursuant to the separation agreement, Husband was obligated to pay spousal support "until [he] receives his pension" and that "[Husband] had begun receiving his pension." It is Wife's position that the termination of Husband's spousal support obligation was not automatic. According to Wife, Husband was required to file a motion with the trial court notifying herself and the court as to why his spousal support obligation terminated. Husband argues that his spousal support obligation automatically terminated on the date that he began receiving the Pension.

**{¶19}** In this case, the trial court did not find that the terms of the parties' agreement regarding spousal support were ambiguous. The trial court was, therefore, required to apply the language as written and this Court reviews that application de novo. *Wiseman* at ¶ 8; *Roxburgh* at ¶ 14.

{¶20} The trial court found that, pursuant to the terms of the separation agreement, Husband's spousal support obligation automatically terminated once Husband started to receive the Pension. Accordingly, the separation agreement did not require Husband to file a motion to terminate his spousal support obligation when he started to receive the Pension. The magistrate found that a motion to modify or terminate spousal support was required only if either party found that a modification or termination was otherwise equitable due to changed financial or health circumstances and the trial court adopted this decision.

{¶21} We agree with the trial court that the separation agreement is not ambiguous. The parties' separation agreement provides that Husband's spousal support obligation continued "until Husband receive[d] his pension." The parties' agreement that Husband's obligation to pay spousal support ended when he received his pension set a definite end date to his obligation of spousal support. *Laughner v. Laughner*, 2011-Ohio-867, ¶¶ 34, 36 (11th Dist.) (husband's spousal support obligation automatically terminated "upon [husband's] retirement"). When parties set a definite period for support, the obligor is not required to move to modify support to terminate the obligation when the period ends. In this case, Husband started receiving the Pension in July 2020 and this ended his spousal support obligation pursuant to the clear terms of the agreement.

{¶22} We conclude that the trial court did not err in finding that, based on the clear language of the separation agreement, Husband's spousal support obligation automatically terminated once he started to receive the Pension. While the remainder of the spousal support provision addresses changed circumstances and notification requirements, it is inapplicable as Husband had started to receive the Pension and "there [was] no longer a duty to pay spousal support." The remainder of the spousal support provision applied if either party sought modification of spousal support during the definite period "until Husband receive[d] his pension."

**{¶23}** Accordingly, based on the above analysis, Wife's first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED BOTH FACTUALLY AND AS A MATTER OF LAW WHEN IT RULED THAT [HUSBAND] WAS ENTITLED TO COLLECT AND KEEP THE ESCROW AMOUNTS HELD BY THE CENTRAL STATES PENSION ON [WIFE'S] BEHALF TOTALING $33,296.22.**

**{¶24}** Wife argues in her second assignment of error that the trial court erred when it adopted the magistrate's decision and ruled that Husband was entitled to keep the escrowed Pension funds. Wife does not cite any case law or statute to support her position that the trial court erred in making this finding. *See* App.R. 16(A)(7) (an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."). We exercise our discretion to further consider and review this assignment of error notwithstanding Wife's failure to cite supporting authority. For the reasons set forth below, we overrule Wife's second assignment of error.

**{¶25}** The trial court's decision approving the magistrate's decision that Husband was entitled to the escrowed Pension funds was a discretionary decision that this Court reviews for an abuse of discretion. *Wilson,* 2008-Ohio-6431, at ¶ 12 (9th Dist.). Abuse of discretion, as previously set forth, means that the trial court was unreasonable, arbitrary, or unconscionable in this ruling. *Blakemore*, 5 Ohio St.3d at 219.

**{¶26}** This Court concluded in the first assignment of error that the trial court did not err when it found Husband's spousal support obligation automatically terminated once Husband started to receive the Pension in July 2020. The separation agreement seemed to only contemplate

that the parties would complete a QDRO before Husband began receiving his pension so that Wife would receive her portion of the Pension at the same time as Husband. The QDRO was not approved in time and Husband began receiving his full Pension. He recognized the potential financial hardship Wife would endure if spousal support ended without her receiving her portion of the Pension, so, even though he was under no court-ordered obligation to continue paying spousal support, Husband paid Wife for an additional 18 months until Wife started to receive her portion of the Pension in January 2022. Pursuant to the record in this case, including Husband's affidavit, the amount of monthly payments Husband paid during this 18-month period was more than the monthly Pension benefits Wife would have received. Thus, Husband ensured that Wife received at least as much in payments as she would have received if the QDRO had been prepared prior to his retirement as contemplated in the separation agreement. Accordingly, Wife would have received a clear windfall had the trial court ordered that she receive the escrowed Pension as well as keep the payments she received from July 2020 through December 2021.

{¶27} This Court concludes that the trial court did not abuse its discretion in finding that, as Husband paid Wife beyond his court-ordered obligation to do so, he was entitled to the escrowed Pension funds. Wife's second assignment of error is, accordingly, overruled.

III.

{¶28} For the reasons set forth above, Wife's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DAVID J. BERTA, Attorney at Law, for Appellant.

BRENT L. ENGLISH, Attorney at Law, for Appellee.