[Cite as *LeafFilter N., L.L.C. v. Dunphy*, 2025-Ohio-3260.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LEAFFILTER NORTH, LLC

    Appellee

v.

TIMOTHY DUNPHY, et al.

    Appellants

C.A. No.     31252

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2024-02-0647

DECISION AND JOURNAL ENTRY

Dated: September 10, 2025

SUTTON, Judge.

{¶1} Defendants-Appellants Timothy Dunphy and Genius Hub, LLC, dba Home Genius Exteriors ("Home Genius") (collectively "Appellants") appeal the judgment of the Summit County Court of Common Pleas overruling their objections to a magistrate's decision and denying their motion to compel arbitration. For the following reasons, this Court reverses.

I.

**Relevant Background Information**

{¶2} Plaintiff-Appellee LeafFilter North, LLC ("LeafFilter") filed a complaint for injunctive relief and money damages against Mr. Dunphy and Home Genius. LeafFilter alleges that Mr. Dunphy, a former employee, breached a "Non-Competition, Confidentiality, and Arbitration Agreement" ("Agreement"). LeafFilter contends that Mr. Dunphy improperly accessed and downloaded trade secret information before he left his employment with LeafFilter and became employed by Home Genius, an alleged "direct competitor[.]" LeafFilter asserts claims

for breach of contract, misappropriation of trade secrets, and tortious interference with contract. In its complaint, LeafFilter sought to preliminarily and permanently enjoin Mr. Dunphy from:

> directly or indirectly working in any capacity in which [Mr.] Dunphy was employed at LeafFilter for any entity that competes against LeafFilter in the gutter protection business; [] directly or indirectly engaging in conduct that damages or could reasonably be expected to damage LeafFilter's relationship with its current and prospective customers; and [] using, disclosing, or otherwise misappropriating LeafFilter's Trade Secrets and any other confidential business information of LeafFilter and Leaf Home.

{¶3} Appellants responded to the complaint by filing a motion to compel arbitration. Their motion relied upon an arbitration provision in the Agreement that states in part:

### 23. __Arbitration__

> The Parties agree that any controversies or disputes arising out of the terms of this Agreement or its interpretation, and/or the Parties' relationship shall be resolved by binding arbitration proceedings in Summit County, Ohio, and the judgment upon award shall be entered in any court having jurisdiction thereof, except that should an injunction and/or other equitable relief be sought by LeafFilter such injunction and any other claims related to the employment of Employee may be sought, at LeafFilter's discretion, in either state or federal court in Summit County, Ohio.

{¶4} Appellants argued in their motion to compel that the discretionary language in the arbitration provision that gives LeafFilter the option to litigate all employment-related claims in state or federal court when they are also seeking injunctive or other equitable relief is unconscionable and unenforceable. They further argued that the discretionary language in the arbitration provision should be severed from the remainder of the provision and that LeafFilter's claims should be submitted to binding arbitration.

{¶5} The trial court referred the matter to a magistrate. The magistrate held an oral hearing and issued a written decision denying the motion to compel arbitration. The magistrate determined the arbitration provision, including the discretionary language, was not procedurally or substantively unconscionable. Appellants objected to the magistrate's decision.

{¶6} The trial court overruled Appellants' objections and adopted the magistrate's decision. Without addressing the unconscionability arguments, the trial court held that it could not sever the arbitration agreement and force LeafFilter to arbitrate claims that it never agreed to arbitrate. The trial court found that the motion to compel arbitration "must be denied irrespective of the conscionability of the [arbitration] provision."

{¶7} Appellants have appealed, raising two assignments of error for this Court's review. This Court addresses the assignments of error out of order as the disposition of the second assignment of error renders the first assignment of error premature.

II.

## ASSIGNMENT OF ERROR NO. II

**THE [TRIAL] COURT ERRED BY OVERRULING [MR.] DUNPHY'S OBJECTIONS TO THE MAGISTRATE'S CONCLUSIONS OF LAW IN DETERMINING THAT THE ARBITRATION AGREEMENT WAS ENFORCEABLE, EVEN THOUGH THE ARBITRATION AGREEMENT LACKED MUTUALITY BY PERMITTING LEAFFILTER TO CHOOSE WHETHER TO GO TO ARBITRATION OR COURT BUT NOT AFFORDING [MR. DUNPHY[ THE SAME CHOICE.**

{¶8} Appellants argue in their second assignment of error that the trial court erred when it overruled the objections to the magistrate's decision and denied their motion to compel arbitration. For the reasons set forth below, we conclude that this matter must be remanded to the trial court for further consideration of the objections to the magistrate's decision.

### Standard of Review on the Adoption of a Magistrate's Decision

{¶9} The trial court overruled Appellants' objections and adopted the magistrate's decision denying the motion to compel arbitration. "Although the trial court must conduct an independent review of objections to a magistrate's decision, *see* Civ.R. 53(D)(4)(d), this Court's standard of review is more deferential." *Wilson v. Wilson*, 2008-Ohio-6431, ¶ 12 (9th Dist.). This

Court reviews the trial court's ruling on objections, and its decision to adopt the magistrate's decision, for an abuse of discretion. *Id.* Under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} In reviewing a trial court's ruling on objections to a magistrate's decision, "we consider the trial court's action with reference to the nature of the underlying matter.'" quoting *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.). Accordingly, in this case, we must consider whether the trial court abused its discretion by denying Appellants' motion to compel arbitration without deciding whether the arbitration provision is unconscionable.

## Analysis

{¶11} Appellants argue the language in the arbitration provision giving LeafFilter discretion to file an injunction and other employment-related claims in court rather than submitting such claims to binding arbitration is substantively and procedurally unconscionable. Therefore, they argue, the discretionary language in the arbitration provision should be stricken and the remainder of the arbitration provision be enforced as written. LeafFilter has maintained the discretionary language in the arbitration provision is neither substantively nor procedurally unconscionable and the motion to compel arbitration was properly denied.

{¶12} Here, the magistrate found that the arbitration provision was neither substantively nor procedurally unconscionable. Appellants challenged this finding in their objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision without addressing the issue of conscionability, stating the motion to compel arbitration "must be denied irrespective of the conscionability of the [arbitration] provision." Rather than first determining the issue of conscionability, the trial court proceeded to a determination that it

could not sever the arbitration provision and could not force LeafFilter to arbitrate claims that it never agreed to arbitrate.

{¶13} Where "a contract between parties contains an arbitration clause, the trial court must 'first determine[] whether the contract is valid and enforceable[,]'" before enforcing the arbitration provision. *Eagle v. Fred Martin Motor Co.*, 2004-Ohio-829, ¶ 33 (9th Dist.), quoting *Rolling v. Ohio State Home Serv., Inc.*, 1993 WL 261568, *2 (9th Dist. July 14, 1993). "The trial court has a legal obligation to review [the arbitration] agreement[] to determine whether [it is] . . . unconscionable" before enforcing the agreement. *Blubaugh v. Fred Martin Motors, Inc.*, 2008-Ohio-779, ¶ 5 (9th Dist.).

{¶14} Here, the trial court upheld the terms of the arbitration provision by finding the arbitration provision could not be severed without first addressing the conscionability of the terms of the arbitration provision. Therefore, the trial court erred in not reaching the issue of conscionability when it ruled on Appellants' objections to the magistrate's decision and the matter must be remanded. This Court will not consider the conscionability of the language of the arbitration provision in the first instance. *See Blubaugh* at ¶ 12; *Robie v. Maxill, Inc.*, 2021-Ohio-2644, ¶ 55-56 (11th Dist.) (the trial court erred by enforcing arbitration agreement without first determining whether the arbitration provision was unconscionable and the matter was remanded for trial court to consider unconscionability argument in the first instance); *Battle v. Bill Swad Chevrolet, Inc.,* 140 Ohio App.3d 185, 192 (10th Dist. 2000) (where a party challenges an arbitration provision as unconscionable, "[t]he trial court should have the first opportunity to address the existence or nonexistence of unconscionability.")

{¶15} We therefore conclude that this matter must be remanded to the trial court so that it can undertake further consideration of Appellants' objections to the magistrate's decision.

{¶16}  Accordingly, Appellants' second assignment of error is sustained.

**ASSIGNMENT OF ERROR I**

**THE [TRIAL] COURT ERRED BY OVERRULING [APPELLANTS']
OBJECTION TO THE MAGISTRATE DECISION'S FINDING OF FACTS
WHERE THOSE FINDINGS OF FACT RELIED ON UNVERIFIED
ALLEGATIONS OF THE COMPLAINT.**

{¶17}  Appellants argue in their first assignment of error that the trial court erred when it overruled their objection to the magistrate's decision as the findings of fact in the decision relied upon unverified allegations of the complaint.  However, the trial court stated in its order overruling the objections to the magistrate's decision, "[t]he [c]ourt makes this determination based solely on the language in the Agreement and not based on any unsworn allegations in the [c]omplaint."  Based on our resolution of the second assignment of error, we decline to address the first assignment of error on the basis that it is premature.

III.

{¶18}  For the reasons set forth above, Appellants' second assignment of error is sustained.  We decline to address the first assignment of error because to do so would be premature.  The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETTY SUTTON
FOR THE COURT

CARR, J.
CONCURS.

STEVENSON, P. J.
DISSENTING.

{¶19} Because I believe the trial court was not required to reach the issue of conscionability in this case, I must respectfully dissent.

{¶20} Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute to which he has not agreed. *VIS Sales, Inc. v. KeyBank, N.A.*, 2011-Ohio-1520, ¶ 10 (9th Dist.), citing *Academy of Medicine of Cincinnati v. Aetna Health, Inc.,* 2006–Ohio–657, ¶ 11. Likewise, it follows that an arbitrator's authority is limited to those disputes and claims that the contracting parties have agreed to submit to arbitration. *Id.*

**{¶21}** "[W]hen deciding motions to compel arbitration, the proper focus is whether the parties actually agreed to arbitrate the issue . . . ." *Taylor v. Ernst & Young, L.L.P.*, 2011-Ohio-5262, ¶ 20. The Ohio Supreme Court explained in *Taylor* that, "although any ambiguities in the language of a contract containing an arbitration provision should be resolved in favor of arbitration, the courts must not 'override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *Id.*, quoting *E.E.O.C. v. Waffle House*, *Inc.* 534 U.S. 279, 294 (2002). "[T]he policy favoring arbitration does not trump the constitutional right to seek redress in court." *Peters v. Columbus Steel Castings Co.*, 2007-Ohio-4787, ¶ 8.

**{¶22}** It is undisputed that LeafFilter retained the discretion in the parties' arbitration provision to submit claims for injunctive and/or other equitable relief to arbitration *or* to seek such relief in court. If LeafFilter did not agree to arbitrate these claims then it simply cannot be compelled to arbitrate them. *VIS Sales, Inc*. at ¶ 10 (9th Dist.).

**{¶23}** The trial court found "that severing the agreement as suggested . . . transforms the agreement and is at odds with the intent of the parties as evidenced by the language in the contract." It held that the requested severance would broaden the scope of the arbitration provision and compel LeafFilter "to arbitrate a dispute which was excluded from the arbitration provision at [its] discretion." I cannot say that the trial court erred in its decision.

**{¶24}** Dunphy and Home Genuis have not challenged the validity of the parties' agreement as a whole. They have not challenged the entire arbitration provision as unconscionable as that would foreclose the possibility for arbitration of their claim, requiring denial of their motion to compel. Rather, they challenged and asked the court to strike a portion of the parties' arbitration provision while keeping the rest of the provision. The Ohio Supreme Court has explained that,

under certain circumstances, an "offending provision [in an arbitration agreement] may be severed and the remainder of the agreement enforced." *Ignazio v. Clear Channel Broadcasting, Inc.*, 2007-Ohio-1947, ¶ 2. "Whether a part of a contract may be severed from the remainder 'depends generally upon the intention of the parties, and this must be ascertained by the ordinary rules of construction.'" *Id.* at ¶ 11, quoting *Huntington & Finke Co. v. Lake Erie Lumber & Supply Co.*, 109 Ohio St. 488 (1924), syllabus.

{¶25} The parties agreed in *Ignazio* that the offending provision in the parties' arbitration agreement allowed for greater judicial review than allowed under R.C. Chapter 2711. *Id.* at ¶ 7. The Court held that the offending provision was "not an essential term of the agreement to arbitrate" and that it could be severed without modifying the parties' agreement. *Id.* at ¶ 16, 17. The Court noted the parties' intent to arbitrate "'any legal claim or dispute'" and that their agreement specifically stated that "'[s]hould any provision of this Agreement be found to be unenforceable, such provision will be severed from the Agreement and the remaining portions shall remain in full force and effect.'" *Id.* at ¶ 12, 14.

{¶26} Unlike in *Ignazio*, LeafFilter did not agree to arbitrate "any legal claim or dispute" without exception. *Id.* LeafFilter, rather, agreed:

> that any controversies or disputes arising out of the terms of [the parties'] Agreement . . . be resolved by binding arbitration proceedings . . . except that should an injunction and/or other equitable relief be sought by LeafFilter such injunction and any other claims . . . may be sought, at LeafFilter's discretion, in either state or federal court in Summit County, Ohio.

LeafFilter specifically retained the discretion to seek injunctive and/or other equitable relief in court.

{¶27} I would not find that the trial court abused its discretion when it found that it could not sever the agreement. "'[A]rbitration is a matter of contract and a party cannot be required to

submit to arbitration any dispute which he has not agreed so to submit.'" *VIS Sales, Inc.*, 2011-Ohio-1520, at ¶ 10 (9th Dist.), quoting *Academy of Medicine of Cincinnati*, 2006-Ohio-657, at ¶ 11. Striking the offending provision in this case would modify and broaden the parties' arbitration provision and force LeafFilter to submit its injunctive and equitable claims to arbitration absent its agreement.

{¶28} The trial court did not have to reach the issue of conscionability because it did not enforce arbitration. Here the trial court determined it could not strike and sever certain language and enforce arbitration because LeafFilter had not agreed to arbitrate injunctive and equitable relief claims. Conscionability is an issue that must be addressed when arbitration is *enforced*. *Blubaugh v. Fred Martin Motors, Inc.*, 2008-Ohio-779, ¶ 5 (9th Dist.) (before a trial court enforces an arbitration provision, it must first "determine whether [the provision is] . . . unconscionable"). *See also Eagle v. Fred Martin Motor Co.*, 2004-Ohio-829, ¶ 33 (9th Dist.) (a court must first determine whether an arbitration provision is enforceable before enforcing the provision). This Court reversed the trial court's judgment enforcing an arbitration provision in *Blubaugh* because the trial court did not first determine the issue of unconscionability. *Id.* at ¶ 11, 12. In *Blubaugh* and *Eagle*, the party attempting to compel arbitration claimed the contract was conscionable. Here the party attempting to compel arbitration says the contract is not conscionable. Unconscionability works as a shield to protect a party from the consequences of an unfair agreement, rather than a sword to require a party to submit to arbitration when they have not agreed as Dunphy and Home Genius wish to do in this instance. The facts of this case are distinguishable from the facts in *Blubaugh*. The trial court did not enforce the arbitration provision in this case and, therefore, it did not have to reach the issue of conscionability.

{¶29} The remedy Dunphy and Home Genuis sought would broaden the scope of the arbitration provision and compel LeafFilter to arbitrate claims that it did not agree to arbitrate. Accordingly, I cannot conclude that the trial court abused its discretion by failing to rule on the conscionability issue because that ruling will have no impact on the enforceability of the arbitration provision as that provision cannot be severed as Dunphy and Home Genuis request. Accordingly, I respectfully dissent.

APPEARANCES:

CAITLIN R. THOMAS and ASHLEY BAILES, Attorneys at Law, for Appellant.

BRIAN MEAD, Attorney at Law, for Appellant.

PANKIT DOSHI, Attorney at Law, for Appellant.

JOSEPH N. GROSS, RICHARD E. HEPP, and LYNDSAY M. FLAGG, Attorneys at Law, for Appellee.